In the Matter of the Application of QUEENS BOROUGH GAS AND ELECTRIC COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants.— Review under certiorari of an order of the Public Service Commission dated August 29, 1933, and amended by an order dated December 19, 1933, requiring the petitioner to reduce its rates for metered electric service to general consumers by fifteen per cent, the rate to be effective for one year from September 15, 1933, unless otherwise ordered by the Commission. An order was granted at Special Term staying the orders of the Commission pending a review thereof. As a condition for granting the stay, petitioner was required to file a bond conditioned for the repayment of its customers in the event the Commission's orders were finally sustained in the courts. Substantially the same questions were presented as in *Matter of New York Edison Co.* v. *Maltbie* (244 App. Div. 685). A new hearing should be directed for the reasons stated in *Matter of Brooklyn Union Gas Company* v. *Maltbie* (245 id. 74, decided herewith). Determination of the Public Service Commission annulled and matter remitted to the Commission for a new hearing on the merits, with fifty dollars costs and disbursements payable to the petitioners. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.

THE PENN MUTUAL LIFE INSURANCE COMPANY, Respondent, v. BRIDGET McCARTHY, Appellant.— This action is in equity and the appeal is from an order denying defendant's motion to dismiss the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action, it appearing from the complaint that the plaintiff has an adequate remedy at law. The defendant is entitled to a jury trial and the plaintiff cannot foreclose a jury trial by an action in equity to rescind the contract without alleging and showing special circumstances which would show that the relief which it seeks by its action in equity would not be good as a defense to an action brought by the beneficiary under the policy. Such special circumstances are not alleged. (*Town of Venice* v. *Woodruff*, 62 N. Y. 462; *Globe Mut. Ins. Co.* v. *Reals*, 79 id. 202; *New York Life Ins. Co.*, v. *Sisson*, 19 F. [2d] 410; *Insurance Co.* v. *Bailey*, 80 U. S. [13 Wall.] 616.) Order reversed, on the law and facts, and application for judgment on the pleadings, dismissing the complaint, granted, with costs. Rhodes, Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents.