## ADAMOS *v.* NEW YORK LIFE INSURANCE CO.

No. 452. Argued December 3, 1934.—Decided January 7, 1935.

*Mr. Charles H. Sachs,* with whom *Mr. Louis Caplan* was on the brief, for petitioner.

*Mr. William H. Eckert,* with whom *Mr. Louis H. Cooke* was on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioner brought this action at law as beneficiary of several policies of insurance issued by respondent. The policies were alleged to have been issued in April, 1932, upon the life of petitioner's father, who died in July, 1932. The policies were to be incontestable after two

years from date of issue. The action was brought in a state court in Pennsylvania and was removed to the federal court in February, 1933. Respondent's affidavit of defense set up as new matter that the insured had made false answers and declarations in his application with respect to a surgical operation he had undergone and to the treatment he had received by physicians and at hospitals; that the insured knew that these answers and declarations were false; and that they had been made by the insured "fraudulently with the intent of deceiving the defendant into issuing to him the policies of insurance in litigation, when the facts were such that if he had answered said questions truthfully and had made a full and honest disclosure, the defendant would not have issued any of said policies, but would have declined his application." Respondent tendered judgment for the amount of the premiums received by it, with interest, and prayed that the policies be cancelled. Petitioner replied, denying the allegations of fraud.

Respondent asked that the equitable issue raised by its affidavit of defense should be heard under § 274b of the Judicial Code (28 U. S. C. 398) "by a chancellor according to equity procedure in advance of the trial by jury at law of any purely legal issues." The application was granted over petitioner's objection, and the issue of fraud was tried in equity. The District Judge decided that it was "a very plain case of fraud upon the insurance company," that the insured had "falsely answered the questions as to his medical history," and that "these questions were all as to matters of fact within his knowledge." 5 F. Supp. 278, 280, 1019.

Decree was entered cancelling the policies and providing for the repayment of the premiums tendered. The decree was affirmed by the Circuit Court of Appeals, 71 F. (2d) 997, and this Court granted certiorari.

What we have said in *Enelow* v. *New York Life Ins. Co.*, decided this day, *ante*, p. 379, is directly applicable here. The issue of fraud raised by respondent's affidavit of defense was fully available in the action at law and the court erred in directing the trial of that issue in equity.

The decree of the Circuit Court of Appeals is reversed and the cause is remanded to the District Court with direction to vacate its decree and to proceed with the trial of the action at law.

*Reversed.*