## CARVER v. MAYES.
### No. 2049.

District Court, N. D. Oklahoma.
April 29, 1935.

Coakley & McDermott, of Tulsa, Okl., for plaintiff.

Yancey, Spillers & Brown, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

Plaintiff states an action to recover the purchase price allegedly due under a written contract of sale of an interest in a patent. Defendant's answer admits the execution of the contract, but pleads his execution was induced by false and fraudulent representations of plaintiff, · knowingly made, and alleges he has thereby been damaged in the amount sued for by plaintiff. No affirmative relief is asked in the answer.

Plaintiff has moved to transfer the cause to the equity docket for a trial on the issues of fraud raised by the answer in advance of any trial at law. Of course, if a purely equitable defense is presented in the answer, section 274b of the Judicial Code (28 USCA § 398) requires a transfer. But such is not the case here. Defendant clearly charges scienter on the part of plaintiff in the making of the false representations which induced the contract. This is a defense available at law, and is to be tried accordingly. It seems that the authorities have been in conflict as to how such issues should be tried. See Carey v. McMillan, 289 F. 380 (8 C. C. A.); Horbach v. Coyle, 2 F.(2d) 702 (8 C. C. A.); American Sign Co. v. Electro-Lens Sign Co. et al. (D. C.) 211 F. 196, but the more recent cases of the Supreme Court of the United States have definitely established the rule that, in an action at law bottomed upon a written contract, where the defendant answers, pleading that the contract was obtained through fraud knowingly perpetrated upon the defendant by the plaintiff, such defense of fraud is available at law. Enelow v. New York Life Ins. Co., 293 U. S. 379, 55 S. Ct. 310, 79 L. Ed. ——; Adamos v. New York Life Ins. Co., 293 U. S. 386, 55 S. Ct. 315, 79 L. Ed. ——.

The motion to transfer is therefore denied.