**NEW YORK LIFE INS. CO. v. THOMPSON.**

**No. 1233.**

Circuit Court of Appeals, Tenth Circuit.

Aug. 21, 1935.

Rehearing Denied Sept. 19, 1935.

W. F. Wilson, of Oklahoma City, Okl. (W. F. Wilson, Jr., and Wilson & Wilson, all of Oklahoma City, Okl., on the brief), for appellant.

W. L. Farmer, of Oklahoma City, Okl. (R. E. Bowling, of Pauls Valley, Okl., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

On March 3, 1924, appellant issued to Joseph B. Thompson its policy of life and disability insurance; by its terms appellant agreed to pay appellee, his mother, $10,000 upon his death, $20,000 upon his accidental death, and to pay him $100 per month and to waive payment of premiums in event of his total and permanent disability. The annual premium was $357.70, of which $15.40 was for double indemnity and $18.60 for the disability benefits. The policy contained this incontestable clause: "This Policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to disability and double indemnity benefits."

In 1925 appellee made proof of loss under the disability clause of the policy and appellant paid the stipulated sum each month from January 1, 1925, until April 1, 1934, and waived the payment of premiums as agreed.

On April 30, 1934, appellant advised insured and appellee, his guardian and beneficiary, that it had recently learned that the insured had, some ten years before, made false answers as to his physical condition in his application for the policy; that it declined to pay any further benefits; ·demanded a return of $11,015.20 theretofore paid by way of benefits and $3,237 in premiums waived, and notified them that unless premiums were paid within thirty days, the policy would be lapsed for nonpayment of premiums.

Appellee, as guardian, promptly sued in the state court to enjoin appellant from breaching its contract. Appellant removed to the federal court, where appellee individually was made a party defendant. Appellant, by cross-petition, asked to cancel the disability clause because of fraud in the application, for a return of benefits paid, and for a decree adjudging it to have the right to lapse the entire policy for nonpayment of premiums. Thereupon appellee moved to dismiss her cause without prejudice; the motion was granted and her cause dismissed, a ruling to which no error is assigned. ·Appellee then filed an action at law in the state court to recover $500 then alleged to be due as installments under the disability clause of

the policy. Whereupon appellant filed an amended cross-complaint in the federal court suit, seeking to enjoin the action at law in the state court in addition to the relief theretofore prayed.

Appellee moved to dismiss on the ground that the appellant had an adequate remedy at law in defense of the state court suit, and that the incontestable clause barred any relief. The trial court dismissed the cross-complaint on the second ground, the opinion being reported in (D. C.) 9 F. Supp. 248. We are of the opinion that decisions of the Supreme Court of the United States, handed down about the time of the decision below, require an affirmance on the ground that appellant has an adequate remedy at law. It is therefore inappropriate for this court to express its views upon the merits, for the proper forum for that decision is in the law action in the state court. Affirming the decree below on the first ground, as we do, is not to be understood as an affirmance on the ground ruled below; we leave the question open until it is proper for us to decide it.

Whether an insurance company, induced to issue a policy by false or fraudulent misrepresentations, must submit that defense in an action at law on the policy if it has an opportunity so to do, or whether it may require the chancellor to rule the defense, has been many times before the courts. Any doubts as to the correct answer have now been dispelled by Enelow v. N. Y. Life Ins. Co., 293 U. S. 379, 55 S. Ct. 310, 312, 79 L. Ed. 440, and Adamos v. N. Y. Life Ins. Co., 293 U. S. 386, 55 S. Ct. 315, 79 L. Ed. 444. There, actions at law were pending on the policies. The defenses were fraudulent misrepresentations in the applications for the policies. The lower courts held that these defenses were triable by the chancellor in advance of the law action. The Supreme Court reversed, saying, in the Enelow Case: "The instant case is not one in which there is resort to equity for cancellation of the policy during the life of the insured and no opportunity exists to contest liability at law. Nor is it a case where, although death may have occurred, action has not been brought to recover upon the policy, and equitable relief is sought to protect the insurer against loss of its defense by the expiration of the period after which the policy by its terms is to become in-

contestable. Here, on the death of the insured, an action at law was brought on the policy, and the defendant had opportunity in that action at law, and before the policy by its terms became incontestable, to contest its liability and accordingly filed its affidavit of defense. That defense was solely that the defendant had been induced to issue the policy by false answers in the application which were alleged to have been made by the applicant 'with knowledge of their falsity and fraudulently' in order to obtain the insurance. The affidavit of defense showed nothing whatever as a further ground for equitable relief, and the respondent is necessarily confined to the case it made. In such a case, the defense of fraud is completely available in the action at law, and a bill in equity would not lie to stay proceedings in that action in order to have the defense heard and determined in equity."

Appellant undertakes to deflect the force of these decisions by pointing out that there the insureds had died, and here he is alive. But that distinction, as we see it, sticks only in the bark. It happens many times, instanced by the cases cited in the note to the Enelow Case, on page 384 of 293 U. S., page 312 of 55 S. Ct., 79 L. Ed. 440, that fraud is discovered in the lifetime of the insured; or, if discovered after his death, the beneficiary has not sued on the policy, possibly waiting for the incontestable period to expire. The incontestable clause meanwhile is running. In either of such cases, the company must either sue in equity to cancel the policy or its defense will be lost by lapse of time. Such a situation affords a distinct ground of equitable relief. Equity's power depends upon whether the company has an opportunity to present its defense at law, and not upon the narrow ground of whether the insured happens to be alive or dead.

In a straight life policy, an action at law thereon cannot be maintained until the death of the insured. It therefore happens that, as long as the insured is alive, there is no action at law in which the company may assert its defense during the contestable period; it follows that during his lifetime equity may act. But the policy here contains a disability clause on which a cause of action may accrue in the lifetime of the insured. An action

at law on that clause is pending. In that action appellant may interpose as a defense the fraud alleged here as a basis for equitable relief. Being completely available there, it is not available here.

Nor can equity's powers be invoked because appellant seeks to cancel the life insurance coverage of the policy during the lifetime of the insured. Such relief is not sought on the ground of fraud. If it were, appellant concededly would be barred, both by the incontestable clause and by the Oklahoma statute. § 10524, Okl. St. 1931. The claim here is that the life insurance has lapsed for nonpayment of premiums, a defense not barred by either the contract or statutory incontestable clauses, so that defense, unless theretofore adjudicated, will be available when an action is brought by the beneficiary after the death of the insured; there is therefore no occasion for equitable intervention now. That relief, too, is purely incidental to the claim of having been fraudulently induced to waive the payment of premiums under the disability clause.

In the various counts of appellant's pleading, other relief has been asked. But such relief follows in the wake of its defense of fraud. If that defense is good, the state court has ample power to grant all incidental relief which may be appropriate, and there is no reason why one court should interfere with the orderly processes of another court of competent jurisdiction charged with the responsibility of determining the issue.

The decree below is affirmed on the single ground that appellant has an adequate opportunity to present its defense in the action at law now pending on the policy.

Affirmed.