## FRANCO–WYOMING OIL CO. v. EHRLICH.

### No. 5487.

Circuit Court of Appeals, Third Circuit.

March 10, 1936.

E. Ennalls Berl, of Wilmington, Del. (Ward & Gray, of Wilmington, Del., of counsel), for appellant.

Arthur G. Logan and Marvel, Morford, Ward & Logan, all of Wilmington, Del., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This case is here on the petition of the appellant to file additional assignments of error and for reargument with respect to such assignments.

This suit was an action at law for the breach of a contract in which the plaintiff claims damages for the refusal of the defendant-appellant to permit the plaintiff to drill an oil well in Wyoming in accordance with the terms of the contract.

The plaintiff was a mining engineer, and the contract sets forth that the defendant was to drill an oil well to a depth of 4,000 feet under the direction of the plaintiff at a stipulated compensation. The directors and officers of the defendant company, except Mr. Charles W. Burdick, reside in Paris, France. Mr. Burdick, who is the vice president of the company, and the plaintiff, both reside in Wyoming. In its eighth plea, defendant averred that at the time this contract was made in France, active operations were being conducted in Wyoming under the direction of Mr. Burdick, and Mr. Burdick being in Wyoming was not available for consultation with the officers of the defendant company; that plaintiff had been in the employ of the defendant and represented that the relations between him and Mr. Burdick were friendly and that there was a relation of trust and confidence between them by reason of which a friendly cooperation and accord would exist between them; that the defendant relying upon these statements of friendship was induced to enter into the agreement; that these representations were false; that Burdick and plaintiff were not on speaking terms; and that plaintiff made these representations to deceive and did deceive the defendant and thereby procured this agreement by fraud, in consequence of which defendant prayed the court to cancel and rescind the agreement.

Plaintiff denied all the averments in this plea, and thereupon the learned District Judge assumed jurisdiction of the "equitable issue" raised by defendant's eighth amended plea and tried it as chancellor, without a jury, pursuant to the provisions of section 274b of the Judicial Code (28 U.S.C.A. § 398), in advance of the trial by jury of the action at law for damages. He found that this plea was not sustained and entered a decree wherein the defendant was ordered to pay the costs. The defendant took an appeal from this decree on the ground that the court erred in not sustaining the equitable plea and on the further ground that costs should not have been awarded until the termination of the suit at law.

Following the argument of the appeal on December 14, 1934, and before the decision had been rendered, the Supreme Court handed down two opinions on January 7, 1935, in the cases of Enelow v. New York Life Insurance Company, 293 U.S.

379, 55 S.Ct. 310, 312, 79 L.Ed. 440, and Adamos v. New York Life Insurance Company, 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444. The Supreme Court held in those cases that there was no jurisdiction in equity to try a cause having for its object the cancellation, after the death of the assured, of a contract of insurance procured by fraud upon which an action at law had been begun by the beneficiary, because the remedy at law was adequate.

The fraud set up in the Enelow Case was that the policy of insurance had been obtained by means of false and fraudulent statements in the decedent's application which was made a part of the policy. He denied in his answers to questions in the application that he had within a specified time been in a hospital for observation or treatment or that he had consulted a physician, but he had in fact twice been the subject of hospital observation and had repeatedly consulted physicians for neurosis and cardiac disease. The insurance company tendered judgment for the amount of the premiums received with interest and prayed for cancellation of the policy. Mrs. Enelow denied that the answers were false or fraudulent. She then presented a petition asking that the "equitable issue" raised by the affidavit of defense and the reply be heard pursuant to section 274b of the Judicial Code (28 U.S.C.A. § 398), "by a chancellor according to equity procedure in advance of the trial by jury at law of any purely legal issues." The District Court entered a rule to show cause why the petition should not be granted and on hearing, made the rule absolute. This court affirmed the decree. 70 F.(2d) 728. The Supreme Court allowed a writ of certiorari and in disposing of the case held that section 274b did not change or enlarge the jurisdiction of equity and that this suit in equity could not be sustained because the insurance company had a "plain, adequate and complete remedy" at law, for the case was not one in which there was resort to equity for the cancellation of the policy during the life of the insured when there was no opportunity to contest the liability at law; nor was it one in which, although death had occurred, action on the policy was delayed by the plaintiff and equitable relief was necessary in order to preserve a defense to the company before the expiration of the time when the policy by its terms became incontestable. Under such circumstances there is no adequate remedy at law. But since there was a complete remedy at law, equitable jurisdiction was not available.

In the Adamos Case a policy was likewise secured by means of fraud. The insured made false statements in his application with respect to a surgical operation which he had undergone and to the treatment he had received at hospitals. The insurance company tendered judgment for the amount of the premiums received with interest as in the Enelow Case. This was refused by the plaintiff, and the company raised the "equitable issue," and the Supreme Court, upon review of the case, said that under the evidence, the issue was controlled by the law announced in the Enelow Case and denied the relief sought.

After those two decisions, of which the learned District Judge did not have the benefit, the defendant filed a petition praying for leave to file the following additional assignments of error, for a reargument, and the dismissal of the appeal.

"4. That the court erred in holding that the amended eighth plea was not wanting in equity.

"5. That the court erred in hearing as a chancellor the issues raised by the defendant's amended eighth plea and plaintiff's answer to the same.

"6. That the court erred in entering the following order after the trial in equity of the issues raised by the said plea and answer:

"'And now, to-wit, this twenty-second day of January, A. D. 1934, this cause having come on to be heard upon the equitable defense interposed by the defendant under section 274b of the Judicial Code by its amended eighth plea, the answer of the plaintiff filed thereto, depositions, oral testimony and exhibits, confined to the issues thus framed, and having been argued by counsel for the respective parties and maturely considered by the Court, and it appearing to the Court that said equitable defense has not been sustained;

"'It is ordered and adjudged by the Court that defendant's amended eighth plea be and hereby is overruled and that said cause proceed to a trial and determination of the other issues raised by the pleadings in the law action.

"'It is further ordered by the Court that the plaintiff do have and recover of the defendant his costs incurred on the

trial of said equitable defense, to be taxed by the Clerk.

"'[Sgd.] John P. Nields, J.'"

A reargument was allowed. The defendant-appellant does not want the appeal dismissed on the ground that the court erred in failing to sustain the equitable plea, but on the ground that it was without jurisdiction to hear and determine the alleged equitable issue.

It is clear that the defendant has a "plain, adequate and complete remedy at law" and that the "equitable issue" raised by the eighth amended plea does not come within the two cases of equitable jurisdiction mentioned in the Enelow Case; nor has it been shown that it comes within any other equitable jurisdiction. The learned trial judge fell into error in assuming equitable jurisdiction and in hearing the issue thus raised in advance of the trial of the action at law.

Leave is granted to file the additional assignments of error.

As to the question of costs, they were incurred in a suit in which the court did not have jurisdiction, but which it assumed at the instance and upon the prayer of the defendant. It is, therefore, responsible for these costs and the court did not err in ordering the defendant to pay them.

The appeal is dismissed, with directions to proceed at law.