### CONNECTICUT MUT. LIFE INS. CO. v. LAWRENCE et al.

### SAME v. DOOLEY.

### Nos. 6523, 6524.

District Court, E. D. Michigan, S. D.
March 18, 1936.

Miller, Canfield, Paddock & Stone, of Detroit, Mich., for plaintiff.

George H. Heideman, of Detroit, Mich., and Lawrence H. Steltenpohl, of Cincinnati, Ohio, for defendants.

MOINET, District Judge.

Plaintiff herein filed two bills in equity based upon a policy of life insurance issued to Russell E. Lawrence, the beneficiaries, respectively, being the defendants in said causes; shortly prior to the commencement of said equity suits, the said beneficiaries brought separate actions at law against said insurance company to recover the amount due under said policy, the said insured having died on June 15, 1934; the said actions at law, which were commenced in the Wayne circuit court, are now removed by the insurance company to this court.

The bills in equity herein seek a decree canceling the said policy of life insurance upon the life of said Russell E. Lawrence, because of certain false and fraudulent representations made in the application of the insured for a reinstatement of said policy after the same had lapsed; also for an injunction restraining the proceedings in the actions at law to recover upon said policy.

The bills of complaint further allege that the said insured on August 23d and August 24th in 1932 made written application to said company for a life insurance policy, and the applications therefor contained the usual and customary questions regarding his health, previous medical treatment, etc.; that the company relied upon such representations contained therein, and issued the policy in question, containing an incontestable clause as follows: "Incontestability. This policy shall be incontestable after it shall have been in force during the life time of the insured for two years from its date of issue, except for non-payment of premium," etc.

Defendants herein filed motions to dismiss said bills of complaint, on the ground that said plaintiff has complete and ade-

14

quate remedy at law in the law actions pending in this court on removal; and conceding in their briefs, as well as upon oral argument, that the incontestable clause involved herein does not apply, for the reason that said insured died before the expiration of said period, and therefore any defenses can be made in the actions at law; also that the said suits at law were commenced prior to the bills in equity herein, and that said defenses should be made therein.

The court is of the opinion that the bills in equity cannot be maintained, and that such defenses involved herein are fully and completely available to the said insurance company in said actions at law, now pending in this court. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444; Di Giovanni et al. v. Camden Fire Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Stewart v. American Life Ins. Co. (C.C.A.) 80 F.(2d) 600.

The court is persuaded that the case of Enelow v. New York Life Ins. Co. settles the questions involved herein. While no bill of complaint was filed in this case seeking to cancel the policy because of fraudulent representations in the application, yet the question is presented, as the court says:

"Respondent then presented a petition asking that the 'equitable issue' raised by the affidavit of defense and the plaintiff's reply should be heard pursuant to section 274b of the Judicial Code (28 U.S.C. § 398 [28 U.S.C.A. § 398]) 'by a chancellor according to equity procedure in advance of the trial by jury at law of any purely legal issues.' * * *

"When the Congress enacted section 274b of the Judicial Code (28 U.S.C.A. § 398), providing for equitable defenses in actions at law and the granting of affirmative equitable relief, the procedure was simplified, but the substance of the authorized intervention of equity was not altered. The court was empowered to exercise a summary equitable jurisdiction. Equitable defenses were permitted to be interposed in actions at law 'by answer, plea or replication without the necessity of filing a bill on the equity side of the court.' The defendant is to have 'the same rights' as if he had filed a bill seeking the same relief. The equitable issue 'is to be tried to the judge as a chancellor.' The same order of trial is preserved as under the system of separate courts. [Citing case.] The trial of the issue at law may be postponed until the equitable issue is first disposed of, and then, if an issue at law remains, it is triable by a jury as the Seventh Amendment requires. Id.

"It is thus apparent that when an order or decree is made under section 274b (28 U.S.C.A. § 398), requiring or refusing to require, that an equitable defense shall first be tried, the court, exercising what is essentially an equitable jurisdiction, in effect grants or refuses an injunction restraining proceedings at law precisely as if the court had acted upon a bill of complaint in a separate suit for the same purpose. Such a decree was made in the instant case, and therefore, although interlocutory, it was appealable to the Circuit Court of Appeals. * * * [Citing cases.]

"We come to the merits. Was the defense set up by the defendant of such a nature that defendant was entitled to have it heard and determined in equity and to enjoin the proceedings at law pending that determination? The test under section 274b is whether the defendant could have maintained a bill in equity on the same averments. The unequivocal language of the provision leaves no room for the argument that the substantive jurisdiction of equity was sought to be changed or enlarged. The defendant's rights to a hearing in equity are 'the same,' not greater, when he resorts to the summary procedure. [Citing cases.]

"And it necessarily follows that this summary procedure cannot aid the defendant when a bill for the same relief would not lie because the defense is one which is completely available in the action at law. Emphasizing the fundamental principal of the equitable jurisdiction, the Congress, from the first Judiciary Act, has declared that suits in equity shall not be sustained in any court of the United States in any case where a 'plain, adequate and complete remedy' may be had at law. * * *

"The instant case is not one in which there is resort to equity for cancellation of the policy during the life of the insured and no opportunity exists to contest liability at law. Nor is it a case where, although death may have occurred, action has not been brought to recover upon the policy, and equitable relief is sought to protect the insurer against loss of its defense by the expiration of the period after which the policy by its terms is to become incontestable. Here, on the death of the insured, an action at law was brought on the policy, and the defendant had opportunity in that action at law, and before the policy by its terms became incontestable, to contest its liability

and accordingly filed its affidavit of defense. That defense was solely that the defendant had been induced to issue the policy by false answers in the application which were alleged to have been made by the applicant 'with knowledge of their falsity and fraudulently' in order to obtain the insurance. The affidavit of defense showed nothing whatever as a further ground for equitable relief, and the respondent is necessarily confined to the case it made. In such a case, the defense of fraud is completely available in the action at law, and a bill in equity would not lie to stay proceedings in that action in order to have the defense heard and determined in equity. [Citing cases.] Respondent was in no better position under section 274b (28 U.S.C.A. § 398). * * *

"Respondent's petition for a hearing and determination in equity in advance of the trial of the action at law should have been denied. The decree of the Circuit Court of Appeals [70 F.(2d) 728] is reversed, and the action is remanded to the District Court, with direction to vacate its order for a hearing in equity and to proceed with the trial of the action at law."

The case of Adamos v. New York Life Ins. Co., supra, an exact parallel case to Enelow v. New York Life Ins. Co., as stated by the court, was determined according to the decision rendered in the Enelow Case.

The case of Di Giovanni et al. v. Camden Fire Ins. Ass'n, supra, involving similar facts, is very persuasive of the principles involved herein and decisive of the many questions presented.

Mr. Justice Stone, after referring to Enelow v. New York Life Ins. Co., supra, declares that:

"The alleged fraud and destruction of property are available as defenses to actions at law upon the policies. * * *

"Avoidance of the burden of numerous suits at law between the same or different parties, where the issues are substantially the same, is a recognized ground for equitable relief in the federal courts; but this remedy rests in sound discretion, and a theoretical inadequacy of legal remedy may be outweighed by other considerations.

"Equity not infrequently withholds relief which it is accustomed to give, where it would be burdensome to the defendant and of little advantage to the plaintiff.

"The grounds for equitable relief to a single plaintiff which will deprive two or more defendants of their right to a jury trial must be real and substantial and its necessity must affirmatively appear." Di Giovanni et al. v. Camden Fire Ins. Ass'n, supra.

 Moreover, the court taking cognizance of its own records, the plaintiff herein, perhaps prompted by appropriate caution, pleaded the equitable defense in both of said actions at law, now pending in this court on removal, which impresses the court that counsel is somewhat doubtful of the propriety of its equitable action; however, the court is firmly persuaded that the decisions herein cited and referred to are decisive of the questions involved herein; and that the charges set forth in the bill of complaint, of fraud and misrepresentation, are available to the plaintiff herein in such actions at law, and thereby grant said parties their right of trial by jury.

Therefore the court determines that plaintiffs have a complete and adequate remedy at law and that a bill in equity cannot be maintained, and the motions to dismiss the said bills of complaint are granted and orders accordingly entered.