**NICHOLS v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.**

No. 10590.

Circuit Court of Appeals, Eighth Circuit.

July 20, 1936.

Robert E. Wiley, of Little Rock, Ark., for appellant.

S. Lasker, Ehrman, of Little Rock, Ark. (Grover T. Owens, of Little Rock, Ark., on the brief), for appellee.

Before GARDNER and SANBORN, Circuit Judges, and NORDBYE, District Judge.

GARDNER, Circuit Judge.

This is an appeal from an order denying appellant's motion to dissolve a temporary injunction which restrained him from prosecuting in the state court an action at law on an insurance policy issued by appellee and which appellee was suing to cancel. The parties will be referred to as they appeared below.

The policy is referred to as a disability policy, and it provided for indemnity for loss of time occasioned by accident or sickness. It appears from the bill of complaint that in 1925, plaintiff insurance company issued to Nichols its policy providing for payments of $300 a month for disability on account of sickness; that it was issued on an application signed by Nichols which stated that he had never used liquor to excess, that he had never had syphilis and had never been treated for it, and had never suffered from any illness, except ma-

laria, within seven years prior to the date of the policy, which statements, it is alleged, were false, and the truth was that Nichols used liquor to excess, and had and was treated for syphilis during the year 1917, and had suffered from acute alcoholism within seven years prior to the date of the policy; that applicant agreed that the falsity of any answer should bar the right to benefits if made with intent to deceive or should affect the acceptance of the risk or the hazard assumed; that the false answers were relied on by the company, which would not have issued the policy if the true facts had been known; that in July, 1934, Nichols made claim and proof for disability benefits, and the company, without knowing the falsity of the statements, paid him eight months' benefits, aggregating $2,400, which it would not have done had it known of the falsity of the statements; that having learned that the statements were false in the particulars named, it ceased payments, elected to rescind its policy, and tendered back to the insured the amount of the premiums paid by him, with interest; that because of defendant's claim, the insurance company is required under the law to set up a reserve of $8,153 on the policy, and the sum in dispute therefore exceeds $3,000. By amendment to the bill, it is alleged that on July 12, 1935, and after the bill in this suit was filed, defendant filed a motion to dismiss said bill for want of jurisdiction; that on October 26, 1935, defendant filed in the circuit court of Pulaski county, Ark., his complaint at law on the same policy, seeking to recover $1,800 disability benefits thereunder; that two defenses are available to the insurance company, should it file an answer in the cause in the state court; that in addition to defending upon the ground of fraud, it could also plead that the defendant in this action is not in fact totally disabled, within the meaning of the policy sued upon, and that a verdict and judgment for defendant in the state court would not finally decide the issue of fraud.

In support of his motion to dissolve the temporary injunction, defendant urged, and he now urges, that the court was without jurisdiction because the insurance company had an adequate remedy at law, and because the jurisdictional amount was not involved.

The insurance policy contains no incontestable clause. The insured is the sole beneficiary named therein. A claim had already matured under the policy, and it appears from the bill of complaint that the company in fact paid monthly benefits amounting in the aggregate to $2,400. The insurance company having declined to make further payments, the insured brought suit in the state court to recover further benefits alleged to have accrued. In the final analysis, the ground upon which plaintiff predicates its right to equitable relief is that while it could plead fraud in defense of any action at law brought by the insured, it might also plead in that action that the insured is not in fact totally disabled, and a general verdict of the jury, were such two defenses pleaded, would not be res adjudicata on the question of fraud in subsequent proceedings brought by the insured against the insurance company for additional installments.

As has been observed, the policy contains no incontestable clause. Prior to the commencement of this suit, it was at least claimed by the insured that he was disabled, and he had submitted proof of such disability, pursuant to which the company had made substantial payments on his claim. Fraud would be a complete defense to the action at law. Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L. Ed. 440; Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 6, 80 L.Ed. 47; Stewart v. American Life Ins. Co. (C.C.A.10) 80 F.(2d) 600. Equity will not ordinarily assume jurisdiction of a suit to cancel a policy for fraud, where that defense is available as a defense in an action at law upon a policy, for the very manifest reason that the company has an adequate remedy at law. It is only where the defense of fraud might be lost to the insurer because of an incontestable clause or because of some other special circumstances, that a court of equity will grant relief. The only special circumstances, which might cause the insurer to lose its right successfully to defend a suit at law on the policy for fraud, is one created by itself. The only special circumstance here alleged is that it would have the right to plead, in the law action upon the policy, that the insured was not in fact totally disabled, in addition to pleading fraud in the application, and therefore a judgment for defendant in the law action would not finally determine the issue of fraud, and hence the company might be required to defend numerous actions in the state court.

Even under these circumstances, we think it cannot be said that the defense of fraud is not completely available in the action at law. It seeks in this suit to enforce a remedy for fraud in the application. It does not urge any other ground as a defense to the claim. If its allegation as to fraud is true, that is a complete defense, and it needs no other. The insurance company cannot, by its own act, make the defense inadequate by pleading some other and unnecessary defense. Its own act would be the only thing that would make necessary a multiplicity of suits. One suit or a multiplicity of suits would be a matter of plaintiff's own election. What is said by the Supreme Court in Di Giovanni v. Camden Fire Ins. Ass'n, supra, in announcing its conclusion, is here apposite. It is there said: "We think the threatened injury to respondent is of too slight moment to justify a federal court of equity, in the exercise of its discretion, in according a remedy which would entail denial of a jury trial to the petitioners and withdraw from the jurisdiction of the state courts suits which could not otherwise be brought into the federal courts."

The order appealed from is therefore reversed, and the cause is remanded, with instructions to dismiss the bill without prejudice to the right of the insurance company to set up the alleged fraud as a legal defense to the action or actions at law that are now or may hereafter be brought upon the policy.