## METROPOLITAN LIFE INS. CO. v. BANION et al.

### No. 1444.

Circuit Court of Appeals, Tenth Circuit.

Dec. 11, 1936.

William E. Mullen, of Cheyenne, Wyo. (A. R. McMicken, of Rawlins, Wyo., Harry Cole Bates, of New York City, and Edward J. Boughton, of Philadelphia, Pa., on the brief), for appellant.

Marvin L. Bishop, Jr., and W. J. Wehrli, both of Casper, Wyo. (E. E. Enterline, Madge Enterline, and G. R. Hagens, all of Casper, Wyo., on the brief), for appellees.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

On May 4, 1934, appellant issued its life policy for $40,000, with double indemnity for accidental death, to one Sewell Combs, with his wife as beneficiary, containing a two-year incontestable clause.

On June 10, 1934, some one shot and killed Combs, and his wife was arrested for murder, bound over, and committed to jail.

On July 2, 1934, Forrest Banion, appellee, was appointed administrator of Sewell Combs' estate. Combs left two minor adopted children, Lloyd Russell and Harold Bard. They appear here by their guardians.

On November 8, 1934, the wife assigned her interest in the policy to the administrator of her deceased husband's estate; the court of probate approved the assignment and directed that suit be brought on the policy; the company was duly notified of the assignment.

On December 3, 1934, the administrator brought an action at law upon the policy, which was promptly removed to the federal court, and is still pending.

On January 7, 1935, Mrs. Combs committed suicide while still in jail. Banion was thereafter appointed administrator of her estate.

On February 28, 1935, appellant filed an answer in the law action, setting up essentially the same facts in defense as are pleaded in the present action as grounds for cancellation of the policy in equity, to wit, that the policy was procured by Mrs. Combs pursuant to a scheme to defraud appellant, and upon misrepresentations of fact.

On the same day the answer in the law action was filed, this action in equity was brought against the administrator of Combs and Mrs. Combs and guardians of the heirs, seeking to cancel the policy and to enjoin the administrator from prosecuting the pending law action and to enjoin the heirs from commencing an action at law on the policy. It is alleged that the heirs might defer bringing an action at law until the contestable period had run, and that by such delay it might lose its evidence to defeat the policy.

On September 28, 1935, an agreement, approved by the courts of administration, was entered into between the administrator and the guardians providing for a joint effort to collect upon this policy, and for a distribution of the net proceeds to the minors. Thereupon, and on December 5, 1935, Banion as administrator of the estate of Mrs. Combs and the guardians of the minors, were joined as plaintiffs in the law action, and a supplemental petition was filed.

On January 4, 1936, the insurance company answered the supplemental petition, again denying the existence of the contract of insurance sued upon.

On March 3, 1936, by permission of the court, an amended petition was filed in the law action, in which it appears, at least inferentially, that the administrator sought to recover either as assignee or in his own right, as the facts might justify, and the guardians sought to recover as heirs under the statute hereafter referred to. The administrator of the estate of Mrs. Combs also joined as plaintiff, doubtless to protect against the contingency of an invalid assignment from her. The intent of the pleading is made clear by a part of the stipulation, approved by the probate court, which reads that all the plaintiffs shall "continue to prosecute this action as parties plaintiff in such manner and form as should result in an adjudication therein, which adjudication should be final and binding upon said parties and each and all of them, not alone as they might claim under and by virtue of said assignments, but also as they might claim under and by virtue of said statute in the event it should be

established in said law action that said beneficiary, Hazel Combs, feloniously took or caused or procured another so to take the life of said insured."

In their answer to this equity suit, appellees set out the proceedings in the law action and averred that appellant was afforded an adequate remedy by way of defense to the law action. Whereupon, and on April 13, 1936, appellant filed a motion to strike from the answer the allegations concerning the action at law, and for an order staying proceedings in the law action until final disposition of this suit in equity and any appeal therein.

■■ The trial court, after a hearing, denied the motion, and this appeal is from that ruling. In so far as the motion to strike from the answer is concerned, the order is not a final decision of the controversy and hence is not appealable. 28 U.S.C.A. § 225; Lewis Invisible S. Mach. Co. v. Columbia B. Mach. Mfg. Corp. (C. C.A.2) 80 F.(2d) 862; Dye v. Farm Mortgage Inv. Co. (C.C.A.10) 70 F.(2d) 514; United States v. Continental Casualty Co. (C.C.A.2) 69 F.(2d) 107; Cox v. Graves, Knight & Graves (C.C.A.4) 55 F.(2d) 217. The order denying the injunction is appealable. 28 U.S.C.A. § 227; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583.

■ We are of the opinion that the learned trial court properly refused to stay the action at law. An action at law on the policy is pending; all parties who might, under any state of the law or facts, assert a claim under the policy join as plaintiffs. Appellant had the right to set up in the law action within the contestable period every reason why it should not pay the policy. There is no danger of the incontestable clause barring appellant of its rights, for it has contested the policy by its various answers filed in the law action before the incontestable period expired. The incontestable clause being no bar to asserting its defenses in the law action, there is a "plain, adequate and complete" remedy at law. Since the first Judiciary Act was passed in 1789, Congress has ordained that a suit shall not be maintained in equity if there is an adequate remedy at law. 28 U. S.C.A. § 384. Confusion there was in some of the earlier cases, perhaps because of the belief that cancellation of instruments, or their avoidance for fraud, was exclusively a function of equity. Jefferson Standard

Life Ins. Co. v. Keeton (C.C.A.4) 292 F. 53; Peake v. Lincoln Nat. Life Ins. Co. (C.C.A.8) 15 F.(2d) 303; New York Life Ins. Co. v. Hurt (C.C.A.8) 35 F.(2d) 92; Pacific Mut. Life Ins. Co. of California v. Andrews (C.C.A.8) 77 F.(2d) 692, where Judge Faris has gathered many of the earlier cases on both sides of the question. But any doubt as to the right to maintain an equitable suit to cancel a policy brought after an action at law on the policy, has been set at rest by the Supreme Court of the United States in Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444, and Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47. The philosophy of these cases, as we read them, is this: An insurance company which must contest a policy within a limited period if at all, cannot be deprived of its defenses by the inaction of plaintiff; but if an action at law is pending which affords the company an opportunity to contest the policy within the contestable period, the company cannot deny the plaintiff a jury trial by a suit in equity.

Appellant contends that the only claim made in the action at law is through the assignment from Mrs. Combs. This is not true in fact, for it is averred, rather indirectly but clearly, that the claim is made both as assignee and in his own right under the statute; and the guardians claim the proceeds in event it should be held that the cause of action vests in them. The administrator of Mrs. Combs is in court, so that he may recover in event it is found she did not take her husband's life and her assignment should prove to be invalid. The specific prayer is that the administrator recover but there is a general prayer by all plaintiffs for such relief as may be just and proper. The pleadings are so drawn that a final judgment can be rendered, and the whole litigation terminated, whatever the jury may find as to the murder of the insured or however the court construe the statute.

■ It is further contended that the remedy at law is not certain, for it is not now known who has the cause of action on the policy, if any. If it is established upon the trial of the law action that Mrs. Combs feloniously killed her husband, then she forfeited her right as beneficiary and nothing passed by her assignment to the administrator. Wyo.Rev.Stat.1931, § 88-4009. In that event, it is urged, it is doubtful as a

matter of law whether the cause of action is in the administrator, with the heirs as ultimate beneficiaries, or whether the cause of action rests directly in the heirs.

But these considerations do not impair in the slightest the right of appellant completely and adequately to maintain its defenses to the cause of action. It can and has set up its defenses in the law action against all the plaintiffs; if it prevails, it will be forever protected against any claim being later asserted by any of the plaintiffs in the 'law action; the plaintiffs in the law action are the same as the defendants in the equity suit. If it does not prevail, then its payment of the policy will settle its liability for all time. It has no real concern in whether the administrator collects and then distributes to the heirs or whether the heirs collect in their own right. By its bill in equity, appellant seeks two things: First, that it have full opportunity to make its defense, and, second, that it never be subjected to a second suit by any of the defendants in the equity suit. These it has in the law action.

This opinion might well end here. However, two points are carefully briefed and argued and may be mentioned without impropriety.

Intimating nothing as to the existence of any cause of action, New York Mut. Life Ins. Co. v. Armstrong, 117 U.S. 591, 6 S.Ct. 877, 29 L.Ed. 997; Hewitt v. Equitable Life Assur. Soc. (C.C.A.9) 8 F. (2d) 706, but assuming one exists, then it is in the beneficiary or her assigns unless appellant establishes, by a preponderance of the evidence, that Mrs. Combs feloniously killed her husband. Jack v. Mutual Reserve Fund Life Ass'n (C.C.A.5) 113 F. 49; Cooley's Briefs on Insurance (2d Ed.) pp. 5227–5233 and cases cited. If she did, then the cause of action is in the administrator of the insured under the Wyoming statute above cited which provides in part (Rev.St.1931, § 88-4009):

"No beneficiary of any policy of life or accident insurance, or certificates of membership issued by any benevolent association or organization, payable upon the death of any person, who in like manner takes or causes or procures another so to take the life of another, shall take the proceeds of such policy or certificate, but in every instance mentioned in this section, all benefits that would accrue to any such person upon the death of the person whose life is thus taken, shall become subject to distribution among the other heirs of such deceased person according to the rules of descent and distribution."

Appellant argues that, under this statute, the cause of action is in the heirs—the guardians here—and not in the administrator. In the absence of statute, the law is well settled that in event a beneficiary feloniously kills the insured, the estate of the insured may recover on the policy. Equitable Life Assur. Soc. v. Weightman, 61 Okl. 106, 160 P. 629, L.R.A.1917B, 1210; Meyer v. Johnson, 115 Cal.App. 646, 2 P. (2d) 456; Slocum v. Metropolitan Life Ins. Co., 245 Mass. 565, 139 N.E. 816, 27 A.L.R. 1517; Smith v. Todd, 155 S.C. 323, 152 S.E. 506, 70 A.L.R. 1529; Johnston v. Metropolitan Life Ins. Co., 85 W.Va. 70, 100 S.E. 865, 7 A.L.R. 823; State v. Phoenix Mut. Life Ins. Co., 114 W.Va. 109, 170 S.E. 909, 91 A.L.R. 1482; De Zotell v. Mut. Life Ins. Co., 60 S.D. 532, 245 N.W. 58.

It seems quite clear that this statute was enacted as a codification of the common law; the provision as to distribution by the administrator to the heirs is in harmony with section 57-236, Wyo.Rev.Stat. 1931, which exempts life insurance money from the claims of creditors of the insured. The phrase "subject to distribution" is one commonly used in connection with the administration of estates; if the intent of the legislature was to vest the cause of action directly in the heirs, the language used is an awkward and inapposite means of expressing a simple thought. Oklahoma has a statute with identical provisions, Okl.St. 1931, § 1616, under which it has been held, sub silentio, that the cause of action vests in the administrator. Goodwin v. Continental Casualty Co., 175 Okl. 469, 53 P. (2d) 241.

If we correctly construe this statute, then there was an adequate remedy at law when the bill in equity was filed, for the administrator had sued on the policy, and any judgment would bind him both as assignee and in his own right. It is true that if the heirs were not parties, they would not be bound by the judgment, and if the Wyoming Supreme Court later held the cause of action was in the heirs, it might subject appellant to another suit by the heirs. But there was a 'legal remedy by which appellant could have guarded against that fortuity, to wit, asking the court to make the heirs parties to the suit and to set up their claims if any to the

proceeds of the policy. Wyo.Rev.Stat.1931, § 89-514. . That has now been done by the plaintiffs, and the heirs and the administrator of Mrs. Combs are in court, seeking to recover on the policy. The speculative danger of another suit by the heirs has thus been obviated.

█ Appellant expresses the fear that in event it prevails in the law action, the heirs may later bring a suit on the policy after the incontestable clause has run. We are unable to share this apprehension. The parties are in court for all purposes touching any claim they may have to the proceeds of this policy. The final judgment in the law action, whatever it be, will forever preclude them from asserting any further claim under this policy. It makes no difference whether they have accurately or fully set up their claims or not; they are in court and have the opportunity so to do. They must claim now, in the law action, or forever after hold their peace, for the judgment rendered in the law action will foreclose them. In Vinson v. Graham (C. C.A.10) 44 F.(2d) 772, 778, this court held:

"A party seeking to enforce a cause of action must present to the court, either by pleading or proof or both, all the grounds upon which such cause of action is predicated. He is not at liberty to split up his demand and prosecute it by piecemeal or to present a part of the grounds upon which such cause of action is founded and leave the rest to be presented in a subsequent suit if the first fails."

When appellant filed its bill in equity, it necessarily averred that it had no adequate remedy at law. Whatever uncertainty may attend plaintiffs' case in the law action, no such uncertainty confounds appellant. Against one and all of the various claims of plaintiffs, it may make its defense of fraudulent procurement of the policy. That defense it made before the expiration of the contestable period. Appellant's case therefore falls at the threshold, for it appears that it has a certain and adequate· remedy at law.

It follows that the trial court was right in refusing to stay the law action, and its order is affirmed.

PHILLIPS, Circuit Judge (concurring).

It is my view that the right of appellant to a stay of the law action depends on whether it had an adequate remedy at law when the suit in equity was commenced.[1] If it did not, then I think it was entitled to the stay.[2]

However, I think the remedy at law was adequate. If the right of action on the policy was in the legal heirs or if they were necessary parties plaintiff in the action, then appellant could have had them brought in as parties plaintiff under section 89-521, Wyo.R.S.1931. Kirch v. Nicholson, 42 Wyo. 489, 297 P. 398.

However, I think the right of action is in the administrator and not in the legal heirs. That portion of section 88-4009, Wyo.R.S.1931 applicable here, is quoted in the majority opinion. I think the context is an aid to a proper construction of the applicable provision and therefore set forth the section in its entirety:

"*Felonious taking of life precludes inheritance or insurance benefits.* No person, who feloniously takes, or causes or procures another so to take, the life of another, shall inherit from said person, or take by devise or legacy from such deceased person, any portion of his or her estate; and no beneficiary of any policy of life or accident insurance, or certificates of membership issued by any benevolent association or organization, payable upon the death of any person, who in like manner takes or causes or procures another so to take the life of another, shall take the proceeds of such policy or certificate, but in every instance mentioned in this section, all benefits that would accrue to any such person upon the death of the person whose life is thus taken, shall become subject to distribution among the other heirs of such deceased person according to the rules of descent and distribution; provided, however, that an insurance company shall be discharged of all liability under a policy issued by it upon payment of the proceeds in accordance with the terms thereof, unless before such payment, the company shall have written notice, by or in behalf of some claimant other than the

[1] Lincoln National Life Insurance Company v. Hammer (C.C.A. 8) 41 F.(2d) 12, 17; Dawson v. Kentucky Distilleries Co., 255 U.S. 288, 296, 41 S.Ct. 272, 65 L.Ed. 638.

[2] Jefferson Standard L. Ins. Co. v. Keeton (C.C.A. 4) 292 F. 53; Peake v. Lincoln National L. Ins. Co. (C.C.A. 8) 15 F.(2d) 303; Keystone Dairy Co. v. New York Life Ins. Co. (C.C.A. 3) 19 F. (2d) 68.

beneficiary named in the policy, that a claim to the proceeds of such policy will be made by heirs of such deceased under the provisions of this section. L. '15, c. 95, § 1; C.S. '20, § 7010."

This statute was enacted in 1915. It appears in the Wyo.Comp.St.1920 as a part of the statutes on descent and distribution, and in the Wyo.R.S.1931 as a part of the Probate Code. It will be noted that it deals not only with forfeiture of the rights by a beneficiary under a policy of life insurance, but also with the right of inheritance.

When the whole subject matter of the statute is considered, I think it clear that it is one of descent and distribution and that the provision "all benefits that would accrue to any such person upon the death of the person whose life is thus taken, shall become subject to distribution among the other heirs of such deceased person according to the rules of descent and distribution," should be construed to authorize the personal representative of the deceased person to sue for and collect the insurance benefits and distribute them to such other heirs.

Sections 88-2501 and 88-2502, Wyo.R.S. 1931, read as follows:

"*Executors to take possession of entire estate.* The executor or administrator must take into his possession all of the estate of the decedent, real and personal, and collect all debts due to the decedent or to the estate."

"*Actions by and against executors and administrators.* Actions for the recovery of any property, real or personal, or for the possession thereof, or for the destruction, wasting, conversion, injury, taking or carrying away thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contract, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates."

Section 89-503 Wyo.R.S.1931, reads:

"*Actions by executor or officer.* An executor, administrator, or guardian, a trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecut-ed; and officers may sue and be sued in such name as is authorized by law."

It seems clear to me that the administrator was authorized to bring an action on the policy predicated on the assignment and in the alternative on the provisions of section 88-4009 without joining the legal heirs.

It was the duty of the administrator to set up all the grounds of his cause of action; and if he failed so to do, a judgment in the action would be a bar to a new action on the policy by the administrator, based on a different ground. The national courts are committed to the doctrine that a judgment or decree upon the merits concludes the parties and their privies as to all the media concludendi or grounds for asserting the right known when the suit was brought. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; United States v. Cal. & Ore. Land Co., 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476; Vinson v. Graham (C.C.A.10) 44 F. (2d) 772, 778.

It follows that the defense of fraud was completely available in the law action, that plaintiff was not entitled to equitable relief, and that the stay was properly denied. Enelow v. New York Life Ins. Co., 293 U.S. 379, 385, 55 S.Ct. 310, 79 L.Ed. 440.