**UNION CENT. LIFE INS. CO. v.
SOBELSON et al.**

Civ. A. No. 2822.

District Court, E. D. New York.

Sept. 28, 1942.

House, Grossman, Vorhaus & Hemley, of New York City (Sidney Greenman, of New York City, of counsel), for plaintiff.

Irving A. Cook, of Brooklyn, N.Y., for defendants (for motion).

BYERS, District Judge.

Although not so denominated, this is considered to be a motion under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint for failure to state a claim upon which relief can be granted.

The action is by the insurer under a policy upon the life of Charles S. Sobelson, deceased, dated January 9, 1941, in the sum of $15,000. Sobelson died less than two years thereafter on March 26, 1942, and the defendant Sadie Sobelson was appointed administratrix; she is also the beneficiary named in the policy, which contains the following clause:

"E-3 Incontestability: This policy shall be incontestable after it has been in force *during the lifetime of the insured* for a period of two years from the date of issue, except for non-payment of premium, and except as to provisions, if any, relating to benefits in the event of disability or granting additional insurance in event of death by accidental means." (Italics supplied.)

The complaint portrays a cause of action for rescission on the ground that the issuance of the policy (and its reinstatement after a lapse in premium payments) were procured as the result of material misrepresentations made by the insured in his original application dated December 28, 1940, and in the application for reinstatement dated February 17, 1942.

The defendant urges that, in view of the language above quoted, the policy is not incontestable, and therefore the insurer can assert its defense or defenses in an action at law brought to enforce the contract, and hence does not need the equitable relief which it is the object of the complaint to obtain; and that for this reason the motion should be granted, since the plaintiff has an adequate remedy at law, namely, such defense. Reliance is had upon the case of Penn Mutual Life Insurance Company v. McCarthy, 245 App.Div. 784, 280 N.Y.S. 948.

There a motion to dismiss the complaint was granted because there was no showing of special circumstances requiring the relief of rescission. It was an Appellate Division, Third Department, memorandum

932

decision, and a copy of the complaint in that action has not·been submitted in behalf of the defendants' motion here.

The most that could be argued for that case would be that it states the substantive law of this State, which this court is required to follow under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

█ It is thought that this is not the correct view, for the reason that the question here considered is one of procedure, since if the plaintiff has the right to avoid liability under the policy because of the alleged misrepresentations, that is a matter of substance; whether to assert that right as a defense in an action at law to recover upon the contract, or by taking the initiative as it has done by filing this complaint for rescission, is a matter of procedure. Procedure is defined in Sibbach v. Wilson & Co., Inc., 312 U.S. 1, at page 14, 61 S.Ct. 422, at page 426, 85 L.Ed. 479 as "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them".

A copy of the complaint has not been submitted on this motion, but it is reasonable to infer, from the discussion contained in the opposing briefs, that the plaintiff's showing is that it ought not to be required indefinitely to maintain reserves against this policy which it says should be cancelled; nor should it be required to await adverse litigation, with a consequent risk of the evaporation of evidence, depending upon the pleasure of the beneficiary. These matters seem necessarily to be presented by the complaint, whether alleged in terms or not.

Speaking generally, the prompt disposition of controversies is calculated to promote justice between litigants, and viewed in that light the plaintiff would seem to be properly in court.

█ The facts are unlike those in Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Adamos v. New York Life Insurance Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444, in that no prior action at law has been instituted by the beneficiary; nor does American Life Insurance Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268, precisely govern, since the

clause touching incontestability here involved specifies that the two years period must have elapsed during the life of the testator, which did not occur. Thus this court is required to deal with the narrow question of whether the complaint states a claim upon which relief *can be granted* and it seems to survive that test. Cf. New England Mutual Life Insurance Co. v. Barnett, D.C., 39 F.Supp. 761.

The interesting discussion contained on page 3015 of Moore's Federal Practice has not been overlooked, in the process of concluding that the defendant's motion must be denied.

Settle order.