## LOGAN v. HOLMAN.
### Civ. A. No. 8968.

District Court, D. New Jersey.
Nov. 20, 1947.

Gene R. Mariano, of Camden, for plaintiff.

Joseph C. Haines, of Camden, for defendant.

MADDEN, District Judge.

This is a suit filed in this court by the plaintiff, as the guardian of one Herbert F. Banner, a lunatic, arising out of a contract for the purchase of real estate, entered into by the alleged lunatic, for the purchase from the defendant, of a hotel property located at Manahawkin, New Jersey.

The plaintiff, by his complaint, alleges fraud on the part of defendant in dealing with the lunatic, and by its provisions seeks: 1st—The return of the $18,500 deposit money given by the lunatic to defendant; 2nd—Cancellation of the contract; 3rd—Discovery of all the monies paid by the lunatic to defendant.

In addition, plaintiff by paragraph 13 of the complaint, "is ready and willing, if it be found by this court that allowances or credit should be made to defendant, to restore the defendant to the status quo."

The answer filed herein by the defendant, admits the contract, admits the payments thereunder, denies any knowledge on defendant's part of the infirmities on the part of the lunatic, denies the allegation of fraud on defendant's part, and alleges breach of the contract on the part of the lunatic.

Endorsed on the answer, the defendant made demand for jury in accordance with Rule 38(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

At the time of the pre-trial conference the court, after consultation with the attorneys, ordered the matter placed on the non-jury calendar, as an equitable action. Thereafter, defendant moved to dismiss the action upon the grounds the suit was for the recovery of money damages and not an equity action. This motion was denied and appeal was filed by defendant to the Circuit Court of Appeals. The court thereupon ordered reargument of the matter at which time defendant's position was stated as not seeking a dismissal of the complaint but merely a trial of the matter by a jury and not by the court.

To this application plaintiff, through counsel, consented. However, this present agreement on the part of counsel does not aid the court in its decision, for Judge Smith in the matter of Amy O. Fitzpatrick et al. v. The Sun Life Assurance Company of Canada, D.C.,N.J., 1 F.R.D. 713, 715 said: "Legal and equitable remedies, while they may be administered in the same proceedings, must be administered separately as heretofore. *It is not intended that the remedies shall be either jointly or interchangeably administered at the will or demand of the litigants.*" (Italics ours.)

So that the assent on the part of the plaintiff, does not give to the defendant a jury trial if in law he is not entitled to it.

As the court originally viewed the complaint, it was fashioned after a bill in equity in the New Jersey Court of Chancery seeking cancellation of a contract, discovery of defendant, and, as incident thereto, return of the deposit money.

The United States Supreme Court has held by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 and as clarified and restated by Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231 that in suits in the Federal Courts solely upon the grounds of diversity of citizenship, upon the trial of such matters the trial court on questions of substantive law should follow the local state law and in matters of procedure it should follow the Federal Law.

And more recently the Circuit Court of Appeals for this circuit in Ettelson v. Metropolitan Life Insurance Co., 3 Cir., 137 F.2d 62, 64 in determining whether a litigant is entitled to a jury, said: "The practical result of the determination of the present issue is whether the plaintiffs are to have a jury trial, or whether the defendant may have the fraud issue tried by the judge. In conflict of law cases the question whether an issue of fact is to be tried by a court or by a jury is considered one of procedure, and governed by the internal law of the forum." and further: "Well considered federal decisions have held that the division of function between court and jury in a federal court is to be made by federal, not state law." and further: "This case is another of the instances in which a litigant, in federal court because of diversity of citizenship, has his

rights determined by state law, but obtains them by the procedure available in all federal courts."

So that we must examine the issues, as crystalized by the pleadings herein, to determine whether under Federal Procedure, should the matter, because of the peculiar equitable circumstances involved, be tried by the court, as a chancellor, or should it be tried as a law action with questions of fact determined by a jury.

■ Firstly, does the plaintiff need the equitable process of a bill of discovery in order to obtain full relief for his lunatic ward? Surely the answer to this must be in the negative for the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and in particular, Rules 26 to 37 inclusive, provide the plaintiff with as searching a means of discovery as under any equity proceedings. See also Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385. Likewise, according to the complaint and answer there is no need for discovery for the parties are in agreement as to the amount paid under the contract.

Secondly, the court feels that it is elementary that irrespective of whether this action was tried by the court or by a jury that the determination would be "res adjudicata" to any future action by either of the parties upon the contract in question.

■ So we come to the third and main question. "Do the allegations of fraud compel the trial by court ˜on the equity side or is the matter to be tried as a law action to a jury?" In this respect the court feels that it is immaterial whether such allegations of fraud (either equitable or legal fraud) are raised by the plaintiff in its complaint or by the ·defendant in its answer or its answer and counterclaim as happens in a great number of cases.

■ In disposing of a similar question, the Circuit Court of Appeals in Ettelson v. Metropolitan Life Insurance Co., supra, made the following review:

"Having concluded that the rule of Erie R. Co. v. Tompkins does not affect the *procedure* in the pending case, the final question is whether the defendant is entitled to have its counterclaim tried by the court, as though the judge was sitting in equity, before the present rules, or whether the plaintiffs are entitled to have the issue tried by a jury. *Although under the Federal Rules of Civil Procedure claims and defenses formerly cognizable either at law or equity have been merged into one action, a civil action, the rules have neither enlarged nor diminished the right to either a jury or court trial. Basic issues formerly triable as of right by a jury are still triable by a jury as a matter of right. Rule 38, 28 U.S.C.A. following section 723c. The same obtains where the ·right previously existed to have an issue tried by the court.* We must then inquire whether prior to the adoption of the Federal Rules of Civil Procedure a defense of 'equitable' fraud to an action for the proceeds of a life insurance policy was within the exclusive jurisdiction of equity. If it was, then there is no right to the jury trial demanded and defendant's . contention that the matter raised in the counterclaim should be tried by the court must be sustained, not because of Erie R. Co. v. Tompkins, but because that is the federal court law on the subject. (Italics ours.)

"We turn then to the federal decisions. The general rule pronounced by the Supreme Court is that in insurance cases, in the absence of special circumstances, which are not present here, 'fraud in the procurement of insurance is provable as a defense in an action at law upon the policy, resort to equity being unnecessary to render that defense available.' American Life Ins. Co. v. Stewart, 1937, 300 U.S. 203, 212, 57 S. Ct. 377, 379, 81 L.Ed. 605, 111·A.L.R. 1268; citing Enelow v. New York Life Ins. Co., 1935, 293 U.S. 379, 385, 55 S.Ct. 310, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 1935, 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444; Insurance Co. v. Bailey, 1872, 13 Wall. 616, 20 L.Ed. 501; Cable v. United States Life Ins. Co., 1903, 191 U.S. 288, 306, 24 S.Ct. 74, 48 L.Ed. 188.

"In none of these decisions, however, is the distinction between 'legal' and 'equitable fraud' expressly drawn. The defendant has urged that the cases involved 'legal fraud' and the rule laid down applied only in such instances. With this conten-

tion we do not agree. We find federal decisions going back for more than a hundred years in which, in suits on insurance policies, the question of fraud whether consisting of conscious or innocent misstatement or nondisclosure has been tried by a jury in an action at law on the policy. Three of the decisions to this effect were written by no less an eminent authority on equity jurisprudence than Justice Story. McLanahan v. The Universal Insurance Company, 1825, 1 Pet. 170, 185, 7 L.Ed. 98; Carpenter v. American Ins. Co., C.C. D.R.I., 1839, 5 Fed.Cas. page 105, No. 2,428; Hazard v. New England Marine Ins. Co., C.C.D.Mass., 1832, 11 Fed.Cas. page 937, No. 6,282, reversed on other grounds, 1834, 8 Pet. 557, 8 L.Ed. 1043 but expressly affirming the point involved here, 8 Pet. at page 583, 8 L.Ed. 1043. See also Carrollton Furniture Mfg. Co. v. American Credit Indemnity Co. of New York, 2 Cir., 1902, 115 F. 77, affirmed on rehearing, 2 Cir., 1903, 124 F. 25, certiorari denied, 1904, 192 U.S. 605, 24 S.Ct. 849, 48 L.Ed. 585.

"Our conclusion is, therefore, that the federal rule is as broad as its statement and covers all that may be included in the term fraud, whether characterized by the adjective 'legal' or 'equitable.' The issue on such a defense was tried by a jury prior to the present rules; it continues to be so triable since."

And more recently, August 6, 1947, Judge Forman of this district, in Garman v. Metropolitan Life Insurance Co., 7 F.R.D. 473, filed an opinion on a similar question. In a suit by plaintiff beneficiary, on an insurance policy on the life of her deceased husband, the defendant Company filed answer and counterclaim seeking cancellation of the contract on grounds of equitable fraud. Plaintiff demanded a jury trial and defendant moved to strike the demand. After a comprehensive review of the authorities, Judge Forman held the Ettelson case to be directly controlling and ordered a jury trial.

This court, therefore, also feels that the Ettelson case is dispositive of the matter and for the reasons expressed therein and herein holds that defendant is entitled to a trial by jury. Prepare order.