**BEAGLE v. NORTHERN PAC. RY. CO.**
**No. 21125.**

District Court, W. D. Washington, N. D.
Feb. 16, 1940.

Evert Arnold and Eggerman & Rosling, all of Seattle, Wash., for plaintiff.

Robert S. Macfarlane, Dean H. Eastman, and Earl F. Requa, all of Seattle, Wash., for defendant.

BOWEN, District Judge.

This is a law action, commenced in the state court and removed here, to recover damages for personal injuries for negligence, in which defendant pleaded among other things a release, and plaintiff replied that the release was procured by fraud. Defendant moves to have the issue of fraudulent release tried by the court without a jury as in equity separately from and before the other issues at law are tried.

In the practice under the Code pleading of this state, it has long been approved procedure for plaintiff in this kind of a law action to allege by reply that the release pleaded in defendant's answer was procured by fraud and to have that issue of fraud tried as a legal issue by the jury along with the other legal issues in the case. Sanford v. Royal Ins. Co., 11 Wash. 653, 663, 664, 40 P. 609; Bjorklund v. Seattle Electric Co., 35 Wash. 439, 77 P. 727, 1 Ann.Cas. 443; Mattson v. Eureka Cedar Lumber Co., 79 Wash. 266, 140 P. 377; Hopkins v. Lotus Cafe, 161 Wash. 493, 297 P. 178; Myers v. Weyerhaeuser, 197 Wash. 407, 85 P.2d 1091. In fact that issue has by such long usage and practice come to be regarded as much legal as equitable.

About forty years ago Judge Hanford in Hill v. Northern Pacific Ry. Co., C.C., 104 F. 754, seems to have resolved this question in favor of the defendant's motion for trial before the court without a jury but I am sure that in recent years the practice in the federal court here has usually followed that in the state court of submitting this issue of fraudulent release to the jury along with all the other legal issues at the close of all the evidence in the case. The recent case of Hollingsworth v. General Petroleum Corp., D.C., 26 F.Supp. 917, relied upon by defendant, may be distinguishable on the ground that the court was there merely applying the established rule of the Oregon District Court. But whether distinguishable or not, I do not think the rule of that case should be applied in this one removed here from our state court where the rule is clearly against the Hollingsworth case, especially in view of what I believe to be the common practice in recent years of following in the federal court here the state court practice of submitting the issue of fraudulent release to the jury.

Furthermore, this is a typical situation where the rule of the late case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, should be applied and effect given to the law as announced by the state supreme court in order to avoid needless conflict between the federal and state courts as to what the law is in a given case, when that law is not declared by an act of Congress, the Constitution of the United States or the decision of a federal appellate court binding on this court. My attention has not been called to any statutory or constitutional provision giving defendant the specific right to have this fraudulent release issue tried by the court without a jury. The new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, do not so provide. Counsel do not cite any controlling federal appellate court decision so holding.

The defendant's motion for a separate trial by the court without a jury of the fraudulent release issue will be denied.

Respecting pending interrogatories, this matter is placed on the motion calendar for the next motion day for further hearing.