## RICKENBACHER TRANSP., Inc., v. PENNSYLVANIA R. CO.

District Court, S. D. New York.
Sept. 9, 1942.

Abram A. Golden, of Newark, N. J., for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant.

CONGER, District Judge.

Plaintiff, in the above entitled negligence action brought to recover damages for injuries to personal property, moves under Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order directing that the issues of liability and damages be tried separately. The defendant has demanded that these issues be tried by a jury, and under ordinary circumstances separate trials of such issues would serve no useful purpose but would hamper and impede the proper administration of justice. Issues should not be tried piecemeal unless necessary to prevent undue delay or to promote the interests of justice. Collins v. Metro-Goldwyn Pictures Corp., 106 F.2d 83.

However, in the case at bar the facts are such as to warrant that the issue of liability be tried and determined before the issue of plaintiff's damages. The cause of action arose as the result of a grade crossing accident involving one of the defendant's trains and a trailer truck owned by the plaintiff, Rickenbacher Transportation, Inc. The accident took place in Ohio at a time when the truck was loaded with thirty-five separate and distinct shipments from thirty-five consignors, located in a number of different states. To prove damages to the truck and cargo the plaintiff will have to produce in Court or take the depositions of the persons who handled and disposed of the wreckage as well as the thirty-five different consignors. This would impose an undue burden and expense on the plaintiff and would seriously inconvenience the various witnesses if after proving damages it should be determined that the defendant is not liable for such damages.

In furtherance of convenience, therefore, it would be better if the issue of liability is tried and determined first. This carries with it also the determination of defendant's counterclaim. Particularly is this so where, as here, the defendant has failed to show it will be seriously prejudiced in any way by a separate trial of these two issues. Accordingly, the motion for a separate trial of the issue of liability and the issue of plaintiff's damages is granted.

Settle order on notice.