### ETTELSON et al. v. METROPOLITAN LIFE INS. CO.

#### No. 7933.

Circuit Court of Appeals, Third Circuit.

Argued March 18, 1943.

Decided June 29, 1943.

Writ of Certiorari Denied Oct. 25, 1943.

See 64 S.Ct. 92, 88 L.Ed. ——.

Arthur T. Vanderbilt, of Newark, N. J. (Frazer, Stoffer & Jacobs, and David Stoffer, all of Newark, N. J., on the brief), for appellants.

Conover English, of Newark, N. J. (McCarter, English & Egner and Nicholas Conover English, all of Newark, N. J., on the brief), for appellee.

Before BIGGS, MARIS and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

Richard Ettelson was the insured in four policies of life insurance issued by the defendant, Metropolitan Life Insurance Company. He died in July, 1939. In November, 1939, action on the policies was brought by the beneficiaries or their guardians in the New Jersey state court. The case was removed to the United States District Court for the District of New Jersey. The defendant filed an answer to the complaint and also a counterclaim asking for cancellation and rescission of the policies because of the alleged fraud of the insured. Both answer and counterclaim charged misstatements by the insured concerning his health, and medical and hospital treatment made in his applications for the policies. The plaintiffs filed a demand for trial by jury. The plaintiffs also moved to dismiss defendant's counterclaim on the ground that the defendant had an adequate remedy at law. The District Judge denied this motion and stayed the prosecution of the plaintiffs' action until after the issues raised by the counterclaim had been determined by him. From this order the plaintiffs appeal. The defendant contended that the order was not appealable. The question whether the order was appealable was certified by this Court to the Supreme Court of the United States and answered in the affirmative. Ettelson v. Metropolitan Life Ins. Co., 1942, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. ——.

The sole question concerned in the appeal is the correctness of the order refusing to dismiss the counterclaim for cancellation and staying the suit on the policies until the issues raised by the counterclaim were decided. We think that order

was incorrect and that the trial judge was in error in making it.

■ Both sides have assumed in their argument that the insurance contract between the company and Ettelson made in the latter's lifetime is to be governed by New Jersey law. We shall make the same assumption for the discussion here, although we do not find statements of fact in the pleadings which show the policy to be a New Jersey contract. The defendant's answer charges conscious misstatements of material fact on the part of the insured (legal fraud). We shall assume, though the plaintiffs deny it, that in its counterclaim the defendant alleges honest misrepresentations[1] (equitable fraud) of material facts made by the insured prior to the issuing of the policies. We accept, for the purpose of this discussion, the defendant's contention, not denied by the plaintiffs, that the honest misrepresentations could be availed of in New Jersey only in a suit in the Court of Chancery in an action for rescission or cancellation while the conscious falsehoods are a defense to a suit on the policies in an action at law in the state court. Commercial Casualty Ins. Co. v. Southern Surety Co. of Des Moines, Iowa, Ch. 1926, 100 N.J.Eq. 92, 135 A. 511, affirmed, 1927, 101 N.J.Eq. 738, 138 A. 919; New York Life Ins. Co. v. Stein, 1939, 126 N.J.Eq. 259, 8 A.2d 555; Metropolitan Life Ins. Co. v. Tarnowski, 1941, 130 N.J. Eq. 1, 20 A.2d 421. This being the situation under the state law, the District Judge was persuaded that the rule of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 required the staying of the suit on the policies until the counterclaim was heard.

We disagree with this conclusion. The line between what is regarded as substance, determined by reference to state decisions, and that which has to do with procedure, governed by applicable federal court rules and statutes, is not an easy one to draw. It is difficult in conflict of laws cases where a court makes its rules of reference for matters of substance to the appropriate foreign law, but applies its local rules to questions of procedure. It is no easier here in determining what is state substantive law and what is federal procedure. The difficulty is inherent because there is no test based on the nature of things which throws a given rule into one category or the other. Every lawyer who remembers legal history knows how substantive rights, and the procedure for getting them enforced have been closely intertwined for centuries in our law; " * * * whenever we trace a leading doctrine of substantive law far enough back, we are likely to find some forgotten circumstances of procedure at its source." Holmes, The Common Law (1881) 253. But whether the distinction which separates substance and procedure, right and remedy, is fundamental or artificial, it is one which federal courts must make in a diversity case and arrange the various rules on each side of the line as best they can.

In this case, assuming that the New Jersey law is applicable to the contract set forth in the policies, the defendant is entitled to whatever defense to liability on its promise to pay upon the death of the insured which the New Jersey law gives it. If honest misrepresentations by the applicant for insurance void the policies the defendant is entitled to be free from the liability if it makes out that defense. But the fact that it is either entitled or compelled to go to an equity court in New Jersey to establish the facts which free it from liability does not mean that this limitation is applicable when the suit is brought in a court where so-called legal and equitable defenses are both available in the same proceeding. That is the case here. Suppose it were the law of New Jersey that affairs in which one now dead had participated were within the sole competence of the prerogative court there. The federal system has no prerogative courts but a single court of general jurisdiction of all sorts of matters. Surely it would not be seriously urged that such a court could not give a litigant the enforcement of his rights in that court, if the case was one of federal cognizance.

■■ The practical result of the determination of the present issue is whether the plaintiffs are to have a jury trial, or whether the defendant may have the fraud issue tried by the judge. In conflict of laws cases the question whether an issue of fact is to be tried by a court or by a jury is considered one of procedure, and governed by the internal law of the forum. Restatement, Conflict of Laws (1934) §

---

[1] This phrase comes from Professor Williston. See his paper "Liability for Honest Misrepresentation" (1911) 24 Harv.L.Rev. 415.

594; 3 Beale, The Conflict of Laws (1935) § 594.1. The analogy is persuasive, though perhaps not necessarily conclusive, when the question is the enforcement in federal courts of rights arising under state law. Well considered federal decisions have held that the division of function between court and jury in a federal court is to be made by federal, not state law. Diederich v. American News Co., 10 Cir., 1942, 128 F.2d 144; Hollingsworth v. General Petroleum Corporation of California, D.C.Or.,1939, 26 F.Supp. 917. Contra: Ross v. Service Lines, Inc., D.C.E.D.Ill.,1940, 31 F.Supp. 871; Beagle v. Northern Pac. R. Co., D.C. W.D.Wash.,1940, 32 F.Supp. 17. This case is another of the instances in which a litigant, in federal court because of diversity of citizenship, has his rights determined by state law, but obtains them by the procedure available in all federal courts. See Black & Yates, Inc., v. Mahogany Ass'n, Inc., 3 Cir., 1942, opinion on rehearing, 129 F.2d 227, 232, certiorari denied, 1942, 317 U.S. 672, 63 S.Ct. 76, 87 L.Ed. —; Maxwell v. Enterprise Wall Paper Mfg. Co., 3 Cir., 1942, 131 F.2d 400; First Camden Nat. Bank & Trust Co. v. Aetna Casualty & Surety Co., 3 Cir., 1942, 132 F.2d 114, certiorari denied, 1943, 63 S.Ct. 1157, 87 L.Ed. —.

■ Having concluded that the rule of Erie R. Co. v. Tompkins does not affect the procedure in the pending case, the final question is whether the defendant is entitled to have its counterclaim tried by the court, as though the judge was sitting in equity, before the present rules, or whether the plaintiffs are entitled to have the issue tried by a jury. Although under the Federal Rules of Civil Procedure claims and defenses formerly cognizable either at law or equity have been merged into one action, a civil action, the rules have neither enlarged nor diminished the right to either a jury or court trial. Basic issues formerly triable as of right by a jury are still triable by a jury as a matter of right. Rule 38, 28 U.S.C.A. following section 723c. The same obtains where the right previously existed to have an issue tried by the court. We must then inquire whether prior to the adoption of the Federal Rules of Civil Procedure a defense of "equitable" fraud to an action for the proceeds of a life insurance policy was within the exclusive jurisdiction of equity. If it was, then there is no right to the jury trial demanded and defendant's contention that the matter

raised in the counterclaim should be tried by the court must be sustained, not because of Erie R. Co. v. Tompkins, but because that is the federal court law on the subject.

■ We turn then to the federal decisions. The general rule pronounced by the Supreme Court is that in insurance cases, in the absence of special circumstances, which are not present here, "fraud in the procurement of insurance is provable as a defense in an action at law upon the policy, resort to equity being unnecessary to render that defense available." American Life Ins. Co. v. Stewart, 1937, 300 U.S. 203, 212, 57 S.Ct. 377, 379, 81 L. Ed. 605, 111 A.L.R. 1268, citing Enelow v. New York Life Ins. Co., 1935, 293 U.S. 379, 385, 55 S.Ct. 310, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 1935, 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444; Insurance Co. v. Bailey, 1872, 13 Wall. 616, 20 L.Ed. 501; Cable v. United States Life Ins. Co., 1903, 191 U.S. 288, 306, 24 S.Ct. 74, 48 L.Ed. 188.

■ In none of these decisions, however, is the distinction between "legal" and "equitable fraud" expressly drawn. The defendant has urged that the cases involved "legal fraud" and the rule laid down applied only in such instances. With this contention we do not agree. We find federal decisions going back for more than a hundred years in which, in suits on insurance policies, the question of fraud whether consisting of conscious or innocent misstatement or nondisclosure has been tried by a jury in an action at law on the policy. Three of the decisions to this effect were written by no less an eminent authority on equity jurisprudence than Justice Story. McLanahan v. The Universal Insurance Company, 1825, 1 Pet. 170, 185, 7 L.Ed. 98; Carpenter v. American Ins. Co., C.C. D.R.I., 1839, 5 Fed.Cas. page 105, No. 2,428; Hazard v. New England Marine Ins. Co., C.C.D.Mass., 1832, 11 Fed.Cas. page 937, No. 6,282, reversed on other grounds, 1834, 8 Pet. 557, 8 L.Ed. 1043, but expressly affirming the point involved here, 8 Pet. at page 583, 8 L.Ed. 1043. See also Carrollton Furniture Mfg. Co. v. American Credit Indemnity Co. of New York, 2 Cir., 1902, 115 F. 77, affirmed on rehearing, 2 Cir., 1903, 124 F. 25, certiorari denied, 1904, 192 U.S. 605, 24 S.Ct. 849, 48 L.Ed. 585.

Our conclusion is, therefore, that the federal rule is as broad as its statement and covers all that may be included in the

term fraud, whether characterized by the adjective "legal" or "equitable". The issue on such a defense was tried by a jury prior to the present rules; it continues to be so triable since.

The order of the District Court is reversed and the case remanded for further proceedings in accordance with this opinion.