## PERRONE v. PENNSYLVANIA R. CO.
### No. 2768.

District Court, E. D. New York.
Nov. 18, 1943.

Joseph A. McLaughlin, of New York City (Harry S. Austin, of New York City, of counsel), for plaintiff.

Alfred W. Andrews, of New York City, for defendant.

BYERS, District Judge.

The plaintiff moves for a retaxation of his costs, namely, disbursements in connection with the first trial of his cause, the

items having been disallowed by the Clerk when the bill of costs was settled.

The items now in question are:

Stenographer's minutes, first trial $225.00
Premium on bond for costs on appeal .......................... 10.00
Filing of bond................... 5.00
Total ...................... $240.00

As the result of the first trial in this court and at the close thereof the complaint was dismissed.

The Circuit Court of Appeals reversed, and ordered a new trial, 2 Cir., 136 F.2d 941, which resulted in the plaintiff's favor, and he now seeks to tax in connection therewith, under the head of disbursements, the foregoing items which pertain alone to the first trial.

The order of the Circuit Court of Appeals reads:

"* * * that the judgment of said District Court be and it hereby is reversed with costs, and cause remanded for a new trial.

"Further ordered that execution issue for the collection of said costs."

The mandate contains the items of costs taxed in the Appellate Court, including "Printing Record $291.80".

Although the result seems to be unjust, no authority is perceived for now taxing the said disbursements which were incurred solely in connection with the first trial.

Had the plaintiff called the attention of the Circuit Court of Appeals to the desirability of obtaining an order from that Court allowing him costs therein *and also costs in the District Court,* the necessary authority of the Clerk to tax the said disbursements as part of the plaintiff's final bill of costs would have been present.

The stenographer's minutes of the first trial were necessarily copied into the transcript on appeal, in whole or in part, and it would seem clear, as a matter of logic, that if the transcript itself was a proper taxable disbursement, the material from which it was mainly constructed would necessarily be taxable likewise, but in the absence of appropriate mandate from the Circuit Court of Appeals it would seem to follow that the plaintiff is now without remedy so far as this Court is concerned.

It does not seem that the discretionary powers of the trial Court, referred to in

Rule 80, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, may be exercised by that Court after the Circuit Court of Appeals has disposed of all matters pertaining to the original trial, as in this instance, including the fixing of costs.

Motion denied.

Settle order.