## CANISTER CO. v. NATIONAL CAN CORPORATION.

### Civ. No. 309.

District Court, D. Delaware.

Nov. 23, 1943.

Hugh M. Morris and Edwin D. Steel, Jr. (of Morris, Steel & Nichols), both of Wilmington, Del., for plaintiff.

William S. Potter and Collins J. Seitz (of Southerland, Berl & Potter), both of Wilmington, Del., for defendant.

LEAHY, District Judge.

This action is one by a buyer against a seller for breach of contract for failure to complete the manufacture and delivery of metal fittings for fibre-body one-gallon cans in accordance with certain alleged contracts between the parties, whereunder plaintiff claims $10,000,000 damages. So far, four motions have been argued.

I. Defendant's motion under Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. In paragraphs 4 and 5 of its answer defendant denies the making of the contract on February 2, 1943, for the delivery of black plate metal parts for one-gallon cans, and

further denies the making of the "capacity contract" of February 17, 1943, whereby defendant was to manufacture and sell to plaintiff the total output of defendant's factories. In paragraph 7 defendant alleges that the two alleged contracts if made were made in New York and as such contracts must have been oral they are void under the New York statute of frauds.

We are here concerned with a $10,-000,000 lawsuit involving complex issues of fact. The parties have not sought a jury trial. Before I wend my way through the labyrinthian edifice of plaintiff's case I want to know (1) was there a contract and (2) if so, is it barred by the New York statute of frauds. I am fully aware that issues should not be tried piecemeal unless necessary to prevent undue delay or to promote the interest of justice. Rickenbacher Transp. Inc. v. Pennsylvania R. Co., D.C., 3 F.R.D. 202. But, in the case at bar, it is obvious the interest of the parties will best be served by ascertaining if we have a contract upon which an action may be maintained before we direct our attention to the large issues of breach and damages. Hence, defendant's motion under Rule 42(b) is granted. An order so providing is filed herewith.

II. Plaintiff's motion for production of documents under Rule 34. This motion contains eighteen requests. For the most part the motion is directed to discovery of facts which occurred after February 17, 1943—the date of the alleged "capacity contract." If there were such contracts as are alleged, this material is plainly directed to plaintiff's proofs of breach and damages. While I am presently of the view that plaintiff should be entitled to discovery of the matters contained in its eighteen requests (subject to defendant's right to have its customers' lists and certain "trade-secrets" withheld) my actual ruling on this motion will be postponed until the issues mentioned under item I supra are determined.

III. Defendant's motion to limit the scope of depositions under Rule 30. Some depositions have been taken and others are expected. In view of the disposition of defendant's motion under Rule 42(b) under Item I above, the depositions should be limited to those issues which are to be tried separately.

IV. Defendant's motion for further particulars under Rule 12(e). Only paragraph (u) of the motion is involved as all other requests have been supplied by plaintiff. In paragraph 6 of the complaint plaintiff claims special damages, i. e., loss of prospective profits. Defendant contends that such damages have not been specifically stated within Rule 9(g). I shall likewise postpone determination of this motion until after the completion of the procedures which will dispose of the matters contained in item I above.

An order in connection with items II, III and IV may be submitted.