## TAGUE v. DELAWARE, L. & W. R. CO.
### Civil Action No. 5757.

District Court, E. D. New York.
April 2, 1946.

William Samuels, of Brooklyn, N. Y. (W. A. Blank, of Brooklyn, N. Y., of counsel), for plaintiff.

John E. Morrissey, of New York City, for defendant.

KENNEDY, District Judge.

On March 26, 1946, I filed a decision, D.C., 5 F.R.D. 323, that there should be a separate trial of the issues raised by the answer concerning plaintiff's agreement to litigate this case nowhere but in the courts of Pennsylvania. Plaintiff, as I indicated, takes the position that he signed this paper on the basis of a fraudulent representation by defendant's agents that it was a mere receipt.

The parties now submit cross orders: plaintiff's order provides for the trial of the separate issue to a jury; defendant's proposed order provides for a trial to the court.

In support of their order counsel for the plaintiff cite a number of cases among them Union Pacific R. Co. v. Harris, 1895, 158 U.S. 326, 15 S.Ct. 843, 39 L.Ed. 1003; Radio Corp. v. Raytheon Co., 1935, 296 U. S. 459, 56 S.Ct. 297, 80 L.Ed. 327; and Beagle v. Northern Pac. R. Co., D.C.W.D. Wash., 1940, 32 F.Supp. 17. Defendant says the decision of this matter is ruled by Ross v. Service Lines, D.C.E.D.Ill., 1940, 31 F.Supp. 871; Smith v. St. Paul Fire & Marine Ins. Co., D.C.E.D.N.Y., 1938, 23 F.Supp. 420; and Union Pac. R. Co. v. Syas, 8 Cir., 1917, 246 F. 561.

It seems clear to me that where a defendant pleads an agreement of this kind, and the plaintiff takes the position that he never intended to sign a paper embodying such a contract then the issue raised is "legal" rather than "equitable". As I understand Rule 38, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiff by demanding a jury is insisting upon a jury trial of "all the issues so triable". Rule 38(c). It would be wrong for me to deprive him of a jury in the circumstances of this case.

I have signed plaintiff's proposed order.