## CANISTER CO. v. NATIONAL CAN CORPORATION.

## CANISTER CO., Inc., v. SAME.

### Nos. 9403, 9404.

Circuit Court of Appeals, Third Circuit.

Argued June 2, 1947.

Decided Sept. 11, 1947.

Wm. S. Potter and Daniel F. Wolcott, both of Wilmington, Del., for appellees.

Robert T. McCracken, Geo. G. Chandler, and Samuel S. Logan, Jr., all of Philadelphia, Pa., and John J. Morris, Jr., of Wilmington, Del., for plaintiffs-appellants.

Before BIGGS, MARIS, and O'CONNELL, Circuit Judges.

BIGGS, Circuit Judge.

There are two appeals at bar as there were two suits in the court below. The second suit filed in the court below, that at No. 365 on the docket of the District Court, is identical with the earlier case filed at No. 309 save only for the change of the name of the plaintiff which, apparently, was thought to render the filing of a new complaint desirable. For the purposes of the appeals both cases may be treated as one as we will refer to both from time to time as if they in fact constituted but one suit.

As stated by the learned District Judge, 3 F.R.D. 279, the suit at bar "is one by a buyer against a seller for breach of contract for failure to complete the manufacture and delivery of metal fittings for fibre-body one-gallon cans in accordance with certain alleged contracts between the parties, whereunder plaintiff claims $10,000,000 damages." The defendant in its answer denied the making of the pertinent contracts but asserted that if made, they were made in New York and were void under the New York statute of frauds. The parties did not seek a jury trial in the court below but were content to try the case to the court.

The court below, [3 F.R.D. 280] stating that it was aware that issues should not be tried piecemeal unless necessary to prevent undue delay or to promote justice and citing Rickenbacher Transp., Inc., v. Pennsylvania R. Co., D.C., 3 F.R.D. 202, decided that the interests of the parties would be best served by ascertaining " * * * if we have a contract upon which an action may be maintained before we direct our attention to the large issues of breach and damages." The

trial judge thereupon granted a motion made by the appellee based on Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and inter alia, tried the issues stated. After consideration he entered an order in effect giving judgment against National Can Corporation, the appellee, on two of issues tried, and against the appellant, The Cannister Company, Inc., on certain other issues. D. C., 63 F.Supp. 361. Specifically, he concluded that a valid and binding contract had been entered into between the parties in New York. He also determined the terms of that contract and concluded that it came to an end on the amendment of War Production Order M-81 which had removed the ban on one-gallon all metal cans as of January 3, 1944. The District Judge decided that the appellee was under no obligation to supply to the appellant metal ends for one-gallon fibre-body paint cans after that date. The court below concluded also that the enforcement of the contract by action was not barred by the applicable New York statute of frauds, that the contract was assignable under the New York law and had been assigned; that the contract and its enforcement was not a violation of WPB Conservation Order M-81 or any other emergency war regulation. The court determined also that the enforcement of the contract by action was not barred by any rule of public policy and that the appelle on a specified date had orally repudiated the contract and had reaffirmed that repudiation by a letter written approximately three weeks later.

Having reached these conclusions the court below retained jurisdiction of the cases for the purpose of determining the question of damages in accordance with its decree. No other issue or question seemingly remains for determination by the court below.

The appellant appealed from paragraphs 1(e) and (f) of the order, specifically as follows: "(e) The said contract was terminated upon the amendment of War Production Board Order M-81, removing the ban on one-gallon all metal cans, effective January 3, 1944; (f) That the said contract was valid and enforceable until thus terminated but that thereafter defendant was under no contractual obligation to supply to the plaintiff metal ends for one-gallon fibre-body paint cans;" No other portion of the decree is appealed from.

The appellee, National Can Corporation, has moved to dismiss the appeals on the ground that the decree of the court below was not a final decision, reviewable by appeal to this court under Section 128 of the Judicial Code, 28 U.S.C.A. § 225, and is not a judgment, as defined in Rule 54(a) of the Rules of Civil Procedure, from which an appeal will lie. The appellant takes the position that the decree of March 26, 1947 is a comprehensive determination of the appellant's right of action for appellee's breach of contract and constitutes a final judgment for the purpose of appeal.

We are of the opinion that the appeals must be dismissed. Rules 54(b) and 42(b) will permit the entry of separate judgments where claims sued on are separate and distinct, based upon differing occurrences or transactions. Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478. But as we apprehend the facts from the limited appendix and records filed in this court, no separate and distinct sets of facts are involved herein. The circumstances of the instant litigation are very different from those attendant on the decision of the Circuit Court of Appeals for the Second Circuit in such cases as Collins v. Metro-Goldwyn Pictures Corporation, 106 F.2d 83, and Audi Vision, Inc., v. RCA·Mfg. Co., 136 F. 2d 621, 147 A.L.R. 574. Cf. Libby-Owens-Ford Glass Co. v. Sylvania Industrial Corporation, 2 Cir., 154 F.2d 814. It will be noted moreover that the Supreme Court in Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 634, 89 L.Ed. 911, made a firm stand "against piecemeal litigation," overuling, among other cases, United States v. 243.22 Acres of Land, 2 Cir., 129 F.2d 678, relied on by the appellant. See also the decision of the Supreme Court in The Gospel Army v. City of Los Angeles, 67 S.Ct. 1428.*

A very recent case in the Second Circuit, Petrol Corporation v. Petroleum Heat &

---

* Decided June 9, 1947.

Power Co., Inc., et al., 2 Cir., 162 F.2d 327, 329, is indicative of the result to be reached on the facts of the case at bar. The court pointed out that "* * * the mere fact that different claims are made arising out of * * * one contractual provision is not sufficient separation of the 'causes' so that piecemeal appeal is permissible," citing Audi Vision, Inc. v. RCA Mfg. Co., supra. The appeal was dismissed. In the litigation at bar, as we apprehend the facts, there is but one contract which has been found to have been breached. The impropriety of piecemeal litigation under the circumstances at bar is made very clear by the recent amendment to Rule 54(b) adopted by the Supreme Court and about to become effective. See the Advisory Committee's Note to F.R. 54(b) in its report of June, 1946, pp. 70-72.

The appellant in effect seeks an enlargement by judicial decision of Section 128 of the Judicial Code, 28 U.S.C.A. § 225, to the end that in a suit for breach of contract it may obtain the advantages conferred upon litigants in suits for patent infringement under Section 129 of the Judicial Code as amended, 28 U.S.C.A. § 227a. In patent litigations the validity of a decision of a district court on the issue of infringement may be tested on an appeal under the section of the Judicial Code last cited without first securing an accounting, a money judgment, or their respective equivalents. To achieve such a result in a suit for breach of contract, appropriate legislation must first be obtained.

Orders will be entered dismissing the appeals.