408

## CANISTER CO. v. NATIONAL CAN CORPORATION.

## CANISTER CO., Inc., v. NATIONAL CAN CORPORATION.

Civ. A. Nos. 309, 365.

United States District Court
D. Delaware.

Nov. 30, 1948.

John J. Morris, Jr. (of Hering, Morris, James & Hitchens), of Wilmington, Del., and J. Edward Lumbard, Jr., Lloyd F. MacMahon and Edward J. Speno (all of Donovan, Leisure, Newton, Lumbard & Irvine), all of New York City, for plaintiffs.

William S. Potter, Daniel F. Wolcott and Richard F. Corroon (all of Southerland, Berl & Potter), all of Wilmington, Del., for defendant.

LEAHY, Chief Judge.

1. Defendant moves for production of certain writings averring that they have relevance to the remaining issue of damages suffered by plaintiffs.[1] It appears defendant has satisfied the requirements of Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. Good cause for production has been shown. The writings may contain facts whereby defendant may be able to minimize the amount of plaintiffs' alleged damages. Clearly plaintiffs will not voluntarily allow production and inspection. I shall not discuss each of the items but each has some relevance. However, the admonition found in Hercules Powder Co. v. Rohm & Haas Co., D.C.Del., 4 F.R.D. 452, may be repeated. Defend-

---

[1] For former proceedings in the case at bar, see, D.C., 3 F.R.D. 279; D.C. 63 F.Supp. 361; D.C., 64 F.Supp. 808; D.C., 6 F.R.D. 613; D.C., 71 F.Supp. 45; D.C., 71 F.Supp. 49; affirmed 3 Cir., 163 F.2d 683.

ant's request for this mass of documentary materials must not lead to any disclosure of plaintiffs' manufacturing control or other business secrets. If the parties come to grips on any item which it is charged falls into such categories, I shall be available to settle the dispute.

■ 2. Plaintiffs have likewise moved for production of a considerable number of items. In the main they are directed to the actual and potential productive capacity of the Maspeth, Long Island, plant. Others go to the issue as to whether defendant maliciously broke the contract with the intent, either alone or with others, to destroy plaintiffs' business, pirate their customers and profit more than through a performance of the contract. Defendant attacks this allegation in its brief. But the allegation is in the complaint and has been there for a great many years with no formal motion ever having been made that it is improperly there. These allegations, in law, raise an issue created by defendant's denial found in its answer. I think plaintiffs have established their position and their motion will likewise be granted, with one exception. I agree that defendant should not be required to produce documents for periods subsequent to the termination date of the contract and found by me to be on January 3, 1944. To direct production of documents beyond that date would be to compromise with my own holding in consideration of an avowed expediency in plaintiffs' favor if they ultimately be successful in having the Court of Appeals reverse my standing decision that the contract was terminated in law on January 3, 1944 and not February 7, 1947. I do not desire to participate in any such arrangement. Therefore, defendant will not be required to produce documents after the date mentioned. In all other respects I think plaintiffs are entitled to production as sought. After argument both plaintiffs and defendant agreed on certain items each were willing to produce. This makes it unnecessary to comment on such items.

■ 3. Plaintiffs now ask for a jury trial on the matter of damages on the premise that by the passage of time the present action has been transformed from a suit in equity to an action at law for money damages. This is because one of the prayers for relief found in the complaint asked for a mandatory injunction that defendant be required to carry out and perform the contract. No such relief was ever pressed or granted. Plaintiffs have been represented by a series of eminent counsel and the case at bar has been in process of litigation for a period in excess of five and a half years. No one has ever asked for a jury trial. In the early stages of the case I had occasion [2] to write: "This action is one by a buyer against a seller for a breach of contract for failure", etc., and "We are here concerned with a $10,000,000 law suit involving complex issues of fact. The parties have not sought a jury trial." Later I issued Findings of Fact and Conclusions of Law.

From the beginning I regarded this case as an action of law and it was so treated by all counsel. To take action under Rule 39(b) and grant a jury trial would, of course, be by an exercise of discretion. But an exercise of discretion contemplated by the rule must be based on circumstances warranting its exercise lest discretion become the mere arbitrary act of the Court. Plaintiffs' failure to ask for a jury trial for over five years cannot be excused or afford a basis for an exercise of discretion. Plaintiffs are too late.

An order or orders may be submitted.

---

[2] D.C., 3 F.R.D. 279.