**CANISTER CO. et al. v. LEAHY,**
Chief Judge.

No. 10077.

United States Court of Appeals
Third Circuit.

Argued Feb. 21, 1950.

Decided May 17, 1950.

Arthur C. Gillette, Newark, N. J. (James Harte Levenson, New York City, of counsel; John J. Morris, Jr., Wilmington, Del., on the brief), for petitioners.

Richard F. Corroon, Wilmington, Del. (Wm. S. Potter, Wilmington, Del., on the brief), for respondent and intervenor.

Robert T. McCracken, George G. Chandler, Philadelphia, Pa., on the brief, amicus curiæ.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

On May 13, 1943 the Canister Company and on February 1, 1944 The Canister Company, Inc. (referred to collectively hereinafter as "Canister") filed suits in the court below (Civil Actions Nos. 309 and 365) against National Can Corporation ("National Can"). The complaints in the two suits may be treated as substantially identical for the purposes of the instant suit. Both complaints sought specific performance of an oral contract entered into by Canister and National Can on February 17, 1943 and damages for its breach. National Can filed answers and asserted by way of defense (1) that no contract existed between the parties, (2) that the actions were barred by the New York Statute of Frauds,[1] and (3) that the amendment of War Production Board Conservation Order M-81, effective January 3, 1944, removing the ban on one-gallon all-metal cans, terminated the contract. The court below decided (3 F.R.D. 279) to try these issues first pursuant to Rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A., and did so.

After due consideration and the filing of an opinion (63 F.Supp. 361) and findings of fact and conclusions of law, on March 26, 1947 the learned trial judge entered an order determining, among other things, that the New York Statute of Frauds did not bar the actions; that the contract was terminated by the amendment of War Production Board Conservation Order M-81, removing the ban on one-gallon all-metal cans, effective January 3, 1944; that the contract was valid and enforceable until it was thus terminated; that following the termination National Can was under no contractual obligation to supply Canister metal ends for one-gallon fibre-body paint cans; and that National Can on April 13, 1943 orally repudiated the contract and reaffirmed that repudiation by a letter dated May 8, 1943. The court's order concluded by stating that the foregoing separate issues (as well as others not pertinent to a decision in the instant case) having been determined, "jurisdiction is retained of these actions for the purpose of determining in further proceedings before this Court the question of damages in accordance with the findings and conclusions * * * and this decree."

1. See Sections 31 and 85 of the Personal Property Law of the State of New York, McK. Consol.Laws N.Y., c. 41.

Appeals were taken by Canister from specific paragraphs of the order, viz., those portions adjudging that the contract was terminated upon the amendment of War Production Order M-81, that the contract was valid and enforceable until thus terminated and that thereafter National Can was under no contractual obligation to supply to Canister metal ends for one-gallon fibre-body paint cans. No other parts of the decree were appealed from.

This court held that the appeals had to be dismissed because the decree appealed from was not a final appealable order within the purview of Section 128 of the Judicial Code (1946 Ed.), now Section 1291 of revised Title 28 United States Code Annotated. See 163 F.2d 683. No application for *certiorari* was made to the Supreme Court. Certified copies of our order of dismissal were received and filed in the District Court on March 23, 1948. It should be noted that probably the only issue remaining for determination for the court below is that of damages.

On June 22, 1948, Canister filed a motion for an order allowing trial by jury on the question of damages pursuant to Rule 39 (b), F.R.C.P., on the ground that the equitable relief prayed for in the complaints had become moot, leaving only actions at law properly triable by a jury. It is clear that if the order of the court below entered pursuant to its decision reported at 63 F. Supp. page 361, presents a correct determination of the issues between Canister and National Can, the contract had indeed ceased to be executory and the issue of specific performance had become moot as early as January 3, 1944 when, as the court below found, the amendment to WPB Conservation Order M-81 terminated the contract but we need not presently express an opinion respecting the correctness of this decision for reasons which will appear hereinafter. The court below said in response to the motion, 8 F.R.D. 408, 409, "Plaintiffs now ask for a jury trial on the matter of damages on the premise that by the passage of time the present action has been transformed from a suit in equity to an action at law for money damages. This is because one of the prayers for relief found in the complaint asked for a mandatory injunction that defendant be required to carry out and perform the contract. No such relief was ever pressed or granted. Plaintiffs have been represented by a series of eminent counsel and the case at bar has been in process of litigation for a period in excess of five and a half years. No one has ever asked for a jury trial. In the early stages of the case I had occasion [3 F.R.D. 279] to write: 'This action is one by a buyer against a seller for a breach of contract for failure', * * * and 'We are here concerned with a $10,000,000 law suit involving complex issues of fact. The parties have not sought a jury trial.' Later I issued Findings of Fact and Conclusions of Law.

"From the beginning I regarded this case as an action of law and it was so treated by all counsel. To take action under Rule 39(b) and grant a jury trial would, of course, be by an exercise of discretion. But an exercise of discretion contemplated by the rule must be based on circumstances warranting its exercise lest discretion become the mere arbitrary act of the Court. Plaintiff's failure to ask for a jury trial for over five years cannot be excused or afford a basis for an exercise of discretion. Plaintiffs are too late."

No further step, which needs to be noted here, was taken in the court below until January 29, 1948 when Canister filed an instrument entitled "Waiver of Equitable Relief and Demand for Jury." This document reads as follows: "Now come The Canister Company and The Canister Company, Inc., the plaintiffs in the above entitled actions, and, the contract upon which the above actions are based having terminated between the dates when the said actions were instituted and the date hereof, and the need for specific performance of that contract no longer existing, and plaintiffs [Canister] having elected to waive equitable relief, plaintiffs hereby waive their respective rights to appropriate orders and decrees of this Honorable Court, both temporary and final, to require the defendant [National Can] to perform

its agreement set forth in the respective complaints, and to account to the plaintiffs for such breach of contract, as prayed for in the complaints, and said plaintiffs agree and consent to accept as the only relief in said actions, and do hereby pray for damages, both general and special, in the sum of ten million dollars ($10,000,000) together with the costs and disbursements in these civil actions. *The plaintiffs do further hereby demand a trial by jury.*"[2]

The court denied this motion and the previous motion for jury trials on September 30, 1949 and filed an opinion[3] in which reference was made to the court's earlier opinions reported in 3 F.R.D. 279, 63 F. Supp. 361 and 8 F.R.D. 408, 409. The learned trial judge again held in substance that the suits had been regarded by the court and by the parties as actions by a buyer against a seller for a breach of contract and that since five and a half years had passed without Canister asking for a jury trial none should now be granted to it. Canister thereupon filed its petition for a writ of mandamus in this court. We issued a rule in the usual form. Answers were filed and the case is now before us for determination.

It will be observed that by its motion of January 28, 1949, Canister has demanded jury trial as a matter of right pursuant to Rule 38, F.R.C.P., as contrasted with its earlier motion filed June 22, 1948, by which it prayed for jury trial pursuant to Rule 39(b) as an exercise of the court's discretion. Subparagraph (a) of Rule 38, provides that the right of trial by jury as declared by the Seventh Amendment shall be preserved "inviolate" to the parties. Subparagraph (b) provides that any party may demand a trial by jury "of any issue *triable of right by a jury*" by serving a demand on the other party in writing not later than ten days after the service of the last pleading directed to such issue. Subparagraph (d), "Waiver", provides that: "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury."

It must be pointed out, and on this we lay particular emphasis, that Canister has not moved formally for leave to amend its complaints to conform with its demand for jury trials.

We do not consider the legal fact that the court below concluded that the amendment of WPB Conservation Order M-81 terminated the contract as of January 3, 1944 to be pertinent in the instant case. It may be, as the court below decided, that the WPB order terminated any right to specific performance which Canister may have had against National Can. This issue is one which, as we have said, we need not decide for we are of the opinion that the form of a complaint and the nature of the relief prayed for in it must guide a trial court in its determination as to whether or not a trial shall be to the court or by a jury. The complaints sought relief in equity and still seek it. We cannot accept the contention, made on behalf of the respondent, that it appears from the face of the complaints that Canister was not entitled to the relief in equity which it sought. The contrary is true. Nor may Canister be permitted to attack its own complaints "collaterally" by contending that it has long been apparent that it is not entitled to a mandatory injunction. The adjudication of the court below, for the reasons set out in its opinion in 63 F. Supp. 361, that the effect of the amendment to WPB Conservation Order M-81 terminated the contract as of January 3, 1944 may be correct and the logic of the decision irresistible but there must appear from the pleadings an "issue triable of right by a jury". Rule 38(b). To procure a trial by jury the party seeking it must bring himself within the framework of the Rules.

The Federal Rules of Civil Procedure, therefore, supply the clue to the problem presented in the instant case. Rule 15, relating to "Amended and Supplemental Pleadings", provides, subparagraph (a), that a party may amend his pleadings once as a matter of course before a responsive pleading is served. Otherwise a party may

---

2. Emphasis added throughout our opinion.

3. Not reported for publication.

amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. The Rules are rules of procedure. They must be adhered to. They must be considered in relation to one another. Rule 38 must be read in the light of Rules 3, 5, and 15. No constitutional question, arising under the Seventh Amendment, is encountered in this proceeding for as yet no issue is pleaded which is cognizable under Rule 38(b). Canister has made no proper move to amend its complaints. The complaints as they stand before the court below still state no issues "triable of right by a jury" within the purview of Rule 38(b). While Canister's "Waiver of Equitable Relief and Demand for Jury" might be treated as a masked motion to amend its complaint and the order of the court below of September 30, 1949, here complained of, might be deemed to be a denial of that motion, we are not minded to so regard the record.

 Masked motions would tend to bring confusion to a system of pleading so effectually simplified by the Civil Rules. It is for the District Court to decide in the first instance whether or not the ends of justice require that leave be granted Canister to amend its complaints to strike therefrom the portions pertinent to relief in equity. See Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, certiorari denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355, and Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862, certiorari denied 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393. It will be observed that in the cited cases amendments were effected to the complaints by which the issue of jury trial could be raised effectively. If Canister should attempt to amend its complaints, issues other than those which Canister seeks to raise in the instant proceeding may well be presented. When Canister has done, we think, by filing its "Waiver of Equitable Relief and Demand for Jury" and by bringing the present proceeding is to attempt to avoid the impact of Rule 15(a). It must effect the necessary amendments to its complaints before it can become entitled to assert a right to trial by jury. The guide post which must direct the court below in its determination as to whether jury trials are to be ordered has not yet been put into place; that sign post must lie in the face of the pleadings.

The situation presented by the instant petition is in nowise analogous or even remotely comparable to that which may arise under subparagraph (b) of Rule 15 which provides for amendment of pleadings as a matter of right during or after trial by consent, express or implied, of the parties. The parties are not as yet at trial on the issue of damages. The question is how shall that issue be tried; to the court or by a jury. The issue is a fundamental one. It can be properly reached and framed only by the use of the Rules intended for that purpose. The law of the cases, as already determined in the court below, may be useful in framing the issue but at this stage of the proceedings in the lower court the state of the pleadings should be treated as controlling.

It follows that under the circumstances this court will not direct a writ of mandamus to issue against the learned District Judge.

Accordingly our rule will be discharged.