## CANISTER CO. et al. v. LEAHY et al.
### No. 10431.

United States Court of Appeals
Third Circuit.

Argued June 21, 1951.

Decided Aug. 30, 1951.

Writ of Certiorari Denied Dec. 3, 1951.
See 72 S.Ct. 201.

See also, D.C., 96 F.Supp. 273.

Arthur C. Gillette, Newark, N. J. (James Harte Levenson, New York City and John J. Morris, Jr., Wilmington, Del., on the brief), for petitioners.

Richard F. Corroon, Wilmington, Del. (Wm. S. Potter, Wilmington, Del., on the brief), for respondent.

Before BIGGS, Chief Judge, and STALEY and HASTIE, Circuit Judges

BIGGS, Chief Judge.

The question in this case is whether we should issue a writ of mandamus directed to Chief Judge Leahy of the United States District Court for the District of Delaware to compel the granting of jury trials to the petitioners on the issue of damages. Cases relating to various aspects of this litigation have been before us a number of times. A recent pertinent proceeding here also was for the purpose of compelling the granting of jury trials to the petitioners on the same issue. See Canister Co. v. Leahy, 3 Cir., 182 F.2d 510. It will be necessary to examine the opinion in that case in order to understand fully our present conclusions.

On May 13, 1943 the Canister Company and on February 1, 1944 the Canister Company, Inc. (referred to here collectively as "Canister") filed suits in the court below, Civil Actions Nos. 309 and 365, against National Can Corporation ("National Can"). The complaints in both cases were substantially identical; both sought specific performance of an oral contract entered into by Canister and National Can on February 17, 1943 and damages for its breach. Without relating here the progress of the

litigation as described in Canister Co. v. Leahy, supra, 182 F.2d at pages 510–514, it is sufficient to say that in 1945 the court below determined that National Can was in breach of the contract referred to and adjudicated all issues save one, the issue of damages, in favor of Canister. See 63 F.Supp. 361. Appeals were taken by both Canister and National Can to this court and in 1947 we dismissed the appeals on the ground that no "final decision" had been made, reviewable by this court under Section 128 of the old Judicial Code,[1] and that the orders appealed from were not judgments as defined in Rule 54, Fed.Rules Civ.Proc. 28 U.S.C., from which appeals would lie. See Canister Company v. National Can Corporation, 3 Cir., 163 F.2d 683.

Upon remand, in July 1948, Canister filed a motion in both suits for trial by jury on the question of damages pursuant to Rule 39(b), F.R.C.P. This was based on the ground that the prayers of the complaints seeking equitable relief had become moot, leaving only actions at law properly triable by jury. But no amendment to the complaints to strike out the equitable relief originally sought was made or attempted to be made by Canister. The court below denied this motion for the reasons stated in 8 F.R.D. pages 408–409.

In January 1949, however, Canister filed an instrument entitled "Waiver of Equitable Relief and Demand for Jury". The contents of this document need not be repeated here since it is set out at length in 182 F.2d at pages 512–513. It was a demand for trial by jury on the issue of damages as a matter of right under Rule 38, F.R.C.P. The court below in September 1949 denied this motion as well as a renewal of the previous motion made under Rule 39(b), hereinbefore referred to, for jury trials. The court held in substance that the suits had been regarded by the

court and by the parties as actions by a buyer against a seller for breach of contract and that since five and a half years had passed since the filing of the complaint without Canister asking for a jury trial, none should be granted to it.[2] Canister thereupon filed a petition in this court for a writ of mandamus. This was the first mandamus proceeding at our No. 10,077, reported as Canister Co. v. Leahy, 3 Cir., 182 F.2d 510.

We held that the complaints sought relief in equity and continued to seek it and that it did not appear from the face of the unamended complaints that Canister was not entitled to the relief in equity which it sought, that Canister could not be permitted to attack its own complaints "collaterally" by contending that it had long been apparent that it was not entitled to a mandatory injunction, and that there must appear from the pleadings an 'issue triable of right by a jury' in order to entitle Canister to such a trial under Rule 38(b). In short, we held that in order "to procure a trial by jury the party seeking it must bring himself within the framework of the Rules." Citing Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, and Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862, as cases in which amendments were effected to the complaints by which the issue of jury trial could be raised effectively, we held that Canister must make the necessary amendments to the complaints under Rule 15(a) before it could become entitled to assert a right to trial by jury. Since Canister had not done this we denied the application for mandamus.

Following the opinion of this court Canister on June 26, 1950 sought leave in the court below to amend the complaints so as to obliterate the prayers for relief in equity and to substitute therefor demands for money damages.[3] The court below granted leave to make these amend-

---

1. See 1948 Revised Judicial Code, 28 U.S. C. § 1291.

2. The opinion was not reported for publication.

3. The substituted prayer in each complaint is as follows:

"Wherefore, plaintiff demands judgment against the defendant in the sum of Ten Million ($10,000,000) Dollars, for both general and special damage, with interest thereon and costs of this action."

ments. Thereafter, a motion made by National Can to reargue Canister's motion to amend the complaints was denied and the complaints were amended as indicated. At the same time that the amended complaints were served and filed, viz., on October 3, 1950, demands for jury trials also were served and filed. The cases were then listed on the docket of the court below as jury cases. National Can then moved to strike out the jury demands. This motion was granted for the reasons stated in the opinion of the court below reported in —— F.Supp. ——. The present application for mandamus followed.

 We conclude that the petitioners are entitled to have the issue of damages tried by jury and, if necessary, to a writ of mandamus to effect that result. We are of the opinion that the court below did not commit error in permitting Canister to amend its complaints as indicated pursuant to Rule 15(a). Certainly, we could not hold that the court below abused its discretion in authorizing the amendments. The United States district courts must be allowed wide latitude in permitting or rejecting amendments to pleadings. Once the amendments had been allowed there was set up in the face of the pleadings that "guide post which must direct the court below in its determination as to whether jury trials are to be ordered". 182 F.2d at page 514. The amendments were allowed on October 3, 1950, and served and filed on the same day as were demands for jury trials. October 3, 1950, then was the day on which the guide post was set up. Canister has brought itself within the provisions of Rule 38(b). The demand for jury trial was made within "10 days after the service of the last pleading directed to such issue." No constitutional question is presented. We entertain no doubt that the court below erred in striking out the jury demands.

The case is one for the issuance of the writ of mandamus. We possess the power to do so under Section 1651, Title 28 U.S.C. Appeal, after an abortive trial to the court, would be a clearly inadequate remedy. Cf. Ex Parte Fahey, 332 U.S. 258,

259, 67 S.Ct. 558, 91 L.Ed. 2041. See the Bereslavsky decisions, supra, and the decisions of this court in Webster Eisenlohr, Inc., v. Kalodner, 3 Cir., 145 F.2d 316; Pennsylvania Turnpike Comm. v. Welsh, 3 Cir., 188 F.2d 447, and Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111. We assume, as we did in the case last cited, that it will not be necessary to issue the writ, unless application for certiorari be made, and that the court below will vacate the order complained of and will proceed to try by jury the issue of damages.