**Harold M. CANNING, Plaintiff,**

v.

**STAR PUBLISHING COMPANY, a corporation of the State of Delaware, Alexis I. DuPont Bayard, Erwin M. Budner and William E. Taylor, Jr., Defendants.**

**Civ. A. No. 1647.**

United States District Court
D. Delaware.

Feb. 14, 1956.

Daniel O. Hastings and Clarence W. Taylor (of Hastings, Lynch & Taylor), Wilmington, Del., for plaintiff.

William E. Taylor, Jr., and Donald C. Taylor, Wilmington, Del., for defendants.

LEAHY, Chief Judge.

This cause arises from plaintiff's motion to strike defendants' demand for jury trial with respect to the issue of the validity of a release. The facts of this litigation may be found in D.C.Del., 130 F.Supp. 697.

In 1952 plaintiff entered into a five-year employment contract with defendant corporation. In 1954 for valuable consideration plaintiff executed with defendants a release under seal. In his complaint plaintiff alleges defendants secured the release by the use of false and fraudulent misrepresentations and seeks relief in the nature of rescission of the release and judgment under the contract. In its answer defendants demand jury trial of all fact issues. Plaintiff moved to strike the demand on the ground the cause of action is not one to which defendant is entitled to jury trial.

1. In the federal courts, in both federal and non-federal cases, mode of trial may be considered either a procedural matter removed from Erie-Tompkins [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188], or a matter of substance within the power of Congress to regulate pursuant to Article III of the Constitution but subject to the Seventh Amendment.[1] As a

---

1. Prior to Erie-Tompkins: Herron v. Southern Pacific Co., 283 U.S. 91, 51 S. Ct. 383, 75 L.Ed. 857; thereafter: Ettelson v. Metropolitan Insurance Co., 3 Cir., 137 F.2d 62, certiorari denied 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 467;

measure in determining right of trial by jury, Fed.Rules Civ.Proc. rule 38, 28 U.S.C., stresses characterization of issues rather than the form of case. Consequently, issues formerly equitable are for the court; and issues formerly legal are for the jury if timely demand is made.

The issue of fraud in relation to releases has been difficult for the courts to characterize mainly due to the variety of its common-law and equity background. Generally, if a release was not under seal, fraud was available as a defense to an action at law. Where, however, the release was sealed, fraud was termed either in the execution or in the inducement. Fraud in the execution became a defense at law, whereas fraud in the inducement was remedial only in equity. Thus, where fraud in the execution was raised as a defense to a release, the courts found no necessity to decide the issue apart from the jury.[2] But where rescission was sought for fraud in the consideration of a release, an equitable issue was found to exist with trial to the court.[3] And in actions on insurance policies an even different practice emerged.[4]

Notwithstanding these careful distinctions, I think the better view, and one more widely accepted by the courts, is to try the issue of fraud, whether in the execution or inducement, in an instrument under seal or not, before a jury where the issues are otherwise legal. This Circuit has, to some extent, taken that position in Ettelson v. Metropolitan Life Insurance Company, 3 Cir., 137 F.2d 62. There, defendant sought in his counterclaim, rescission for fraud in the inducement of insurance policies sued upon by plaintiffs. Demand for trial by jury was filed by plaintiffs, along with a motion to dismiss the counterclaim. The district court denied the motion and ordered preliminary consideration of the counterclaim without a jury. D.C.N.J., 42 F.Supp. 488. The Court of Appeals, in reversing the order, recognized, although fraud is an issue equitable in origin, it has long been treated in the courts of the common law.[5] Said the Court (per Judge Goodrich), 137 F.2d at page 64: "The practical result of the determination of the present issue is whether the plaintiffs are to have a jury trial, or whether the defendant may have the fraud issue tried by

Diederich v. American News Co., 10 Cir., 128 F.2d 144; Bowie v. Sorrell, 4 Cir., 209 F.2d 49, 43 A.L.R.2d 781. Generally, see 5 Moore, Federal Practice 90–101.

2. Mutual Beneficial Health & Accident Ass'n v. Warrell, 8 Cir., 96 F.2d 447, citing repeated decisions of the Supreme Court; Panama Agencies Co. v. Franco, 5 Cir., 111 F.2d 263, and cases cited.

3. Hollingsworth v. General Petroleum Corp. of California, D.C.Or., 26 F.Supp. 917, relying on language in Radio Corp. of America v. Raytheon Manufacturing Co., 296 U.S. 459, 56 S.Ct. 297, 80 L.Ed. 327, and what it considered "the majority Federal rule"; Ross v. Service Lines, Inc., D.C.Ill., 31 F.Supp. 871, following state practice under Erie R. Co. v. Tompkins.

4. Fraudulent statements inducing the issuance of insurance could be raised as a defense at law in an action on the policies. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440;

Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444. And where the remedy at law was inadequate, it was heard in equity. American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605. See State Farm Mutual Auto Insurance Co. v. Mossey, 7 Cir., 195 F.2d 56, where fraud as a defense in an action on an insurance policy was held an inadequate remedy at law not precluding an action for rescission under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 2201, with trial before the court. Also see Liberty Mutual Insurance Co. v. Gerald, 5 Cir., 170 F.2d 917; Fitzpatrick v. Sun Life Assurance Co. of Canada, D.C.N.J., 1 F.R.D. 713.

5. Similar language in Garman v. Metropolitan Life Insurance Co., 3 Cir., 175 F.2d 24; Dickinson v. General Accident Fire & Life Assurance Corp., Ltd., 9 Cir., 147 F.2d 396; Logan v. Holman, D.C.N.J., 7 F.R.D. 596; and Larsen v. Powell, D.C.Colo., 16 F.R.D. 322.

the judge." And at pages 65–66 of 137 F.2d "Our conclusion is, therefore, that the federal rule is as broad as its statement and covers all that may be included in the term fraud, whether characterized by the adjective 'legal' or 'equitable'. The issue on such a defense was tried by a jury prior to the present rules; it continues to be so triable since." Certiorari was subsequently denied by the Supreme Court in 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 467.[6]

2. At times, particularly where claims on insurance policies are concerned, a separate trial on the issue of validity of the release has been granted under FR 42(b) to avoid inconvenience or prejudice. In such cases the issue of fraud, whether in the execution or in the inducement, has been argued before a jury.[7]

In the situation where defendant raises the defense of a release in his answer, and plaintiff replies on the ground of fraud, trial by jury has been conceded along with the other legal issues in the action. But, it is contended in the instant case, where plaintiff affirmatively seeks equitable relief in the complaint, as was done here, the issue should be tried to the court. While there is some authority to sustain this differentiation, it has been refuted by recent decisions.

■ In Thorla v. Louisiana Midland Railway Co., D.C.W.D.La., 90 F.Supp.

---

6. Followed in Ettelson v. Metropolitan Life Insurance Co., 3 Cir., 164 F.2d 660; Garman v. Metropolitan Life Insurance Co., 3 Cir., 175 F.2d 24; Purvis v. Pennsylvania R. R., 3 Cir., 198 F.2d 631. Also see 5 Moore, Federal Practice 179; and indications in Callen v. Pennsylvania R. R., 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242, affirming 3 Cir., 162 F.2d 832, holding facts entitled plaintiff to trial by jury on the issue of the validity of a release.

In 1943 Canister Co. brought action in the District of Delaware against National Can Corp. for specific performance of a contract and damages for breach thereof. Although a waiver of equitable relief and a demand for jury trial was filed, allegations pertinent to equitable relief remained in the complaints. Accordingly, trial by jury was refused by the court. See D.C.Del., 3 F.R.D. 279; D.C.Del., 63 F.Supp. 361; D.C.Del., 8 F.R.D. 408, and unreported opinion filed September 30, 1949 (per Leahy, C. J.). The Court of Appeals refused to issue a writ of mandamus. Canister Co. v. Leahy, 3 Cir., 182 F.2d 510, certiorari denied 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669. At page 513 of 182 F.2d by Chief Judge Biggs: " * * * We are of the opinion that the form of a complaint and the nature of the relief prayed for in it must guide a trial court in its determination as to whether or not a trial shall be to the court or by a jury." At page 514 of 182 F.2d: "It must effect the necessary amendments to its complaints before it can become entitled to assert a right to trial by jury. The guidepost which must direct the court below in its determination as to whether jury trials are to be ordered has not yet been put into place; that signpost must lie in the face of the pleadings." Upon amendment of the complaints eliminating prayers for equitable relief the trial court held the plaintiffs were not entitled to jury trial on the question of damages since the right had not been timely demanded, e.g., for five and a half years. Canister Co. v. National Can Corp., D.C.Del., 101 F.Supp. 785. This was reversed in Canister Co. v. Leahy, 3 Cir., 191 F.2d 255 (per Biggs, C. J.). At first glance a seeming conflict may seem to exist with the language of 182 F.2d 510. However, when that holding is interpreted in the light of its attending facts and circumstances, it does not imply the court indirectly limited its earlier pronouncement in Ettelson, supra.

7. Bedser v. Horton Motor Lines, Inc., 4 Cir., 122 F.2d 406; Bowie v. Sorrell, 4 Cir., 209 F.2d 49, 43 A.L.R.2d 781; Larsen v. Powell, D.C.Colo., 16 F.R.D. 322; Tague v. Delaware, L. & W. R. R., D.C.N.Y., 5 F.R.D. 326; Grissom v. Union Pacific R. R., D.C.Colo., 14 F.R.D. 263 (dictum). Of course, where the court and jury issues are factually related, the type of trial to be had initially is determined by the basic nature of the issue. See General Motors Corp. v. California Research Corp., D.C.Del., 9 F.R.D. 565, involving issues of patent validity and infringement with a prayer for injunctive relief. But it has been held in order to prevent "procedural inflexibility and the hamstringing of trial judges in unusual situations", the court may exercise its judicial discretion in the trial sequence. Sablosky v. Paramount Distributing Corp., D.C.E.D.Pa., 13 F.R.D. 138, 141.

553, the complaint sought damages for personal injuries under the FELA and cancellation of a release allegedly obtained by fraud. Defendant requested the release issue initially disposed of without a jury. The question posed by the court was whether the pleading of a defense and its avoidance in the complaint should change the mode or number of times an action should be tried or, in effect, make it two actions. Finding "no useful purpose would be served in trying this civil action in a piecemeal fashion", the court ruled both issues triable to a jury. Similarly, in Larsen v. Powell, D.C.Colo., 16 F.R.D. 322, the prayers for relief included damages for personal injuries and cancellation of a release on the ground of fraud. Plaintiff demanded trial by jury. Defendant requested trial to the court on the issue of validity of the release. Trial to a jury was ordered on both issues. The court ruled plaintiff does not change the mode of trial by asking affirmatively for the cancellation of the release on the ground of fraud. And in Dickinson v. General Accident Fire & Life Assurance Corporation, Ltd., 9 Cir., 147 F.2d 396, the Court refused to permit a party to deprive another of the right to have his cause determined by a jury by merely anticipating a possible defense.[8] Therefore, plaintiff here derives no advantage from the fact he affirma-

tively seeks cancellation of the release on the ground of fraud.

Plaintiff's motion to strike defendants' demand for jury trial will be denied. All issues will be tried by jury.

---

**8.** Professor Moore would distinguish the plaintiff who has a claim entitling him to cumulative or alternative remedies, thus having considerable control in determining whether issues are for the court or jury, from the prospective-defendant type of plaintiff who takes the initiative to obtain negative relief. The latter "is not entitled to formulate the issues in such a manner as will defeat a right of jury trial to which the real claimant would otherwise be entitled." 5 Moore, Federal Practice 149–150.

And see Alcoa S.S. Co., Inc. v. Ryan, 2 Cir., 211 F.2d 576, at page 578, an action to recover under war risk policies, where Judge Clark held: "Petitioner in its original complaint below was but 'anticipating' a defense by saying in advance that the releasing instrument upon which the defendant would—and did—rely was executed by mistake. Such anticipation was not recognized, but was ignored as immaterial, at common law * * *. But premature demolition of a defense cannot change the nature of the action which constantly remains one to recover on the insurance policies. The specific issue of mistake, in the making of an agreement—unlike fraud, as to which see Bowie v. Sorrell * * *— seems one for court and not jury trial under the federal practice."